**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Alejandro GARCIA MENDEZ, Defendant-Appellant.**

**No. 29646.**

United States Court of Appeals,
Fifth Circuit.

Jan. 27, 1971.

James R. Gillespie, San Antonio, Tex., for appellant.

Seagal V. Wheatley, U. S. Atty., Wayne Speck, Reese L. Harrison, Jr., Asst. U. S. Attys., San Antonio, Tex., for appellee.

Before WISDOM, THORNBERRY, and DYER, Circuit Judges.

PER CURIAM:

Alejandro Garcia Mendez was convicted by the court on a one count indictment charging him with knowingly, willfully, and unlawfully purchasing, selling, and dispensing heroin not in or from the original stamped package, in violation of 26 U.S.C. § 4704(a). He was sentenced to serve eight years in the custody of the Attorney General. We affirm.

Early on the morning of September 4, 1969, federal and state officers arrived at 138 Darson Marie Street, San Antonio, Texas, for the purpose of executing a search warrant. As they surrounded the house, one of the officers peered through a bedroom window and discovered the defendant Mendez asleep on the bed with an automatic revolver inches away from his hand. While the officer at the window kept his drawn pistol trained on Mendez, the other officers forcibly entered the house and seized Mendez as he awoke. A search of the house disclosed a substantial quantity of heroin in unstamped containers, which the Government introduced as evidence at Mendez's trial.

Mendez's sole contention on appeal is that by forcibly entering his house without knocking or announcing their purpose, the arresting officers violated 18 U.S.C. § 3109 [1] and that the district court therefore erred in denying his motion to suppress the evidence found inside the house. The Government, on the other hand, argues that "exigent circumstances" existed to justify the officers' lack of compliance with the announcement rule. Cf. Miller v. United States, 1958, 357 U.S. 301, 309, 78 S.Ct. 1190, 2 L.Ed.2d 1332, 1338.

Although the Supreme Court generally requires strict compliance with the unqualified terms of the "knock and announce" statute, it recognizes exceptions to the rule. See Sabbath v. United States, 1968, 391 U.S. 585, 88 S.Ct. 1755, 20 L.Ed.2d 828; Ker v. California, 1963, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726. Similarly the Ninth Circuit has held—on facts strikingly similar to the facts this case presents—that federal officers may dispense with the requirement of a prior announcement "where to require it would create palpable peril to the life and limb of the arresting officers." Gilbert v. United States, 9 Cir. 1966, 366 F.2d 923, 932. See also Blakey, The Rule of Announcement and Unlawful Entry, 112 U.Pa.L.Rev. 499, 542–543 (1964). In view of the drawn weapon lying within the reach of the defendant a prior announcement might well have endangered not only the arresting officers but also the defendant himself.

On the authority of Sabbath and Gilbert, we hold that in the limited circumstances of this case the arresting officers were justified in failing to comply with the terms of the statute.

The judgment of the district court is affirmed.

---

1. § 3109. Breaking doors or windows for entry or exit.

The officer may break open any outer or inner door or window of a house, or any part of a house, or anything therein. to execute a search warrant, if, after notice of his authority and purpose, he is refused admittance or when necessary to liberate himself or a person aiding him in the execution of the warrant.