TYSON, Judge.
Monroe Charles Conner was indicted by the grand jury for the unlawful possession of heroin and cocaine in violation of the Alabama Uniform Controlled Substances Act, §§ 20-2-1 through 93, Code of Alabama 1975. The jury returned a verdict of guilty, and the trial court set sentence at five years imprisonment in the penitentiary. This appeal followed.
On February 5, 1976, Sergeant James L. Sims of the Narcotics Detail of the Bir *602 mingham Police Department and several other officers executed a search warrant upon a residence located on Laurel Avenue in Birmingham, Alabama. The officers gained entrance to the residence by kicking in the front door. Inside two plastic packages containing heroin and cocaine were found. Appellant was arrested and subsequently indicted, tried, and convicted.
I
On appeal, appellant first seeks to attack the validity of the search warrant issued to Sergeant Sims for the search of the Laurel Avenue residence. “Since the search warrant appears nowhere in the record, and was not introduced by either the State or the defense, nothing is presented to this Court for review.” McHellen v. State, Ala.Cr.App., 351 So.2d 689, 691 (1977), and cases cited.
II
Appellant next contends that the method of execution of the search warrant was illegal because the officers executing the warrant failed to comply with the procedure prescribed by § 15-5-9, Code of Alabama 1975, and, therefore, the trial court committed reversible error in overruling appellant’s motion to suppress the evidence seized during the search.
Section 15-5-9, Code of Alabama, provides as follows:

“Authority of serving officer to break into house.

“To execute a search warrant, an officer may break open any door or window of a house, any part of a house or anything therein if after notice of his authority and purpose he is refused admittance.”
It is not always necessary, however, to have an affirmative refusal before an officer will be justified in forcing entry. Diamond v. State, Ala.Cr.App., 363 So.2d 109 (1978). As Judge Bowen commented in Laffitte v. State, Ala.Cr.App., 370 So.2d 1108, cert, denied, Ala., 370 So.2d 1111 (1979):
“The propriety of the method of entering a premises varies with the exact factual circumstances involved in each particular case. State v. Newman, 12 Or.App. 266, 506 P.2d 523 (1973). In evaluating an officer’s compliance with a ‘knock-and-announce’ statute, the courts look only to the facts and circumstances with which the officer is faced at the time he makes his decision and acts upon it. People v. Schad, 21 Cal.App.3d 301, 98 Cal.Rptr. 439 (1971).”
Id. at 1110.
In State v. Dudgeon, 13 Ariz.App. 464, 477 P.2d 750 (1970), the court determined that a five or six second delay between the time the officers knocked on the suspect’s door and the time they entered the room was a sufficient compliance with Arizona’s “knock-and-announce” statute. In affirming a possession of marijuana conviction, the court observed that the length of time an officer must wait after announcement of his identity and purpose depends upon all the circumstances surrounding the execution of the warrant. The court concluded that, since the officers gave the required notice and immediately thereafter heard “scuffling” sounds within the room, the short delay was justified and proper.
Likewise in People v. Hill, 3 Cal.App.3d 294, 83 Cal.Rptr. 305 (1970), the court held that a three or four second delay between announcement and entry was justified since suspicious noises were coming from inside the premises. Cf. People v. Langley, 41 Cal.App.3d 339, 116 Cal.Rptr. 80 (1974).
The Supreme Court of Louisiana observed in State v. Thorson, La., 302 So.2d 578 (1974), that because narcotics can be so quickly and easily destroyed as evidence, circumstances involving a warrant to search for narcotics particularly justify quick action by the police in gaining entrance to a place they are authorized to search.
In the present case, Sergeant James L. Sims testified at the suppression hearing that the officers waited approximately five seconds after announcing their identity and purpose before they kicked in the door and entered.
*603 Sergeant Paul Price testified that he knocked on the door and announced who he was and that he had a warrant to search for drugs. He stated he heard a “scurry[1] in the house” and “almost immediately” forced entrance (R. p. 39).
We hold that, based on the totality of the circumstances surrounding this case, the officers who conducted the search sufficiently complied with § 15-5-9, Code of Alabama 1975. Authorities herein cited.
Our holding, however, should not be read as authorizing a “knock — announce—and kick” ritual for police officers executing search warrants. Rather, our holding is dictated by the exigent circumstances present in this case (i. e., the threatened destruction of the narcotics, see Golden v. State, Ala.Cr.App., 361 So.2d 1128, cert. denied, Ala., 361 So.2d 1132 (1978)) and should not be construed as a carte blanche exception to the refusal requirement of § 15-5-9.
Thus, the trial court was correct in overruling appellant’s motion to suppress.
Ill
Lastly, appellant claims error was committed by the trial court’s allowance into evidence of a certain inculpatory statement made by appellant.
After the police officers entered the premises, the search revealed two plastic packets of white powder. At that point, appellant and two other persons were informed of their constitutional rights from a “Miranda ” card. Immediately thereafter, appellant stated that the other two persons had nothing to do with the substances, that the substances were heroin and cocaine, and that they belonged to him (R. pp. 221-223).
The record clearly reveals that the statement was made knowingly, voluntarily, and intelligently, and, therefore, the trial court correctly admitted it into evidence. Williamson v. State, Ala.Cr.App., 370 So.2d 1054, affirmed Ala., 370 So.2d 1066 (1978), and cases cited.
There being no error in this record, this case is
AFFIRMED.
All the Judges concur.

. “ ‘Scurry’ — To go with light running steps ary. ; hurry; scamper.” American Heritage Diction-