Appeal from a lower court order adjudging the appellant, Carolyn Daniels, to be a juvenile delinquent. We affirm.
On January 18, 1980, N.W. Ward, a deputy sheriff of the Montgomery County Sheriff's Department, secured a warrant to search the premises located at 3231 Duff Street, Montgomery, Alabama. The warrant was issued on the basis of information supplied by a private informant that marijuana was being sold at the residence. The appellant does not dispute the validity of the warrant nor does she contest the existence of probable cause; rather, she challenges the manner in which the warrant was subsequently executed.
The record shows that Ward and three other deputies proceeded to the Duff Street residence to execute the warrant. Ward and one of the deputies went to the front door of the home while the other two deputies went to the back door. Ward testified that he knocked on the front door approximately four or five times and received no response. Ward then announced himself as a deputy sheriff of Montgomery County with a search warrant for the residence. Again no one answered the door. At that point, having heard movement within the house, Ward hit the door with his shoulder and forced his way in. Ward testified that approximately two or three minutes elapsed from the time he knocked on the door until the time he made his forcible entry.
Upon entering the residence Ward observed the appellant, a seventeen year old black female, coming out of one of the bedrooms. While Ward approached the appellant to read her the warrant, one of the accompanying officers proceeded into the bedroom and pulled eleven partially burned manila coin envelopes from the fireplace. Each of these envelopes contained small quantities of marijuana. In addition, marijuana was discovered in a coat in the closet of the bedroom and five larger plastic bags containing marijuana residue were lying on the floor of the bedroom.
At trial, appellant testified that she was at the residence to clean the house of the occupant. According to her, she heard the knocking at the door, but before she could answer, the door was forced open. She denied having any knowledge of the marijuana in the fireplace.
On the basis of this evidence, the trial court found the appellant guilty of possession of marijuana and adjudged her to be a juvenile delinquent. She was then committed to the Alabama Department of Youth Services and fined one hundred dollars. The commitment was subsequently suspended in lieu of a period of probation.
The sole issue raised on this appeal is whether the law enforcement officers complied with the provisions of Code 1975, § 15-5-9 in executing the search warrant. More specifically, were the officers justified in making a forcible entry into the residence when they waited only two or three minutes after announcing their identity and purpose? We find that there was a sufficient compliance with the provisions of § 15-5-9 and, therefore, hold that the search warrant was validly executed.
Code 1975, § 15-5-9 represents Alabama's version of a so-called "knock-and-announce" statute and provides in pertinent part that:
 To execute a search warrant, an officer may break open any door or window of a house, any part of a house or anything therein if after notice of his authority and purpose he is refused admittance.
The United States Supreme Court has extensively examined the constitutional significance of these statutes on at least three occasions. See, Miller v. United States, 357 U.S. 301,78 S.Ct. 1190, 2 L.Ed.2d 1332 (1958), Ker v. California, 374 U.S. 23,83 S.Ct. 1623, 10 L.Ed.2d 726 (1963), and Sabbath v. UnitedStates, 391 U.S. 585, 88 S.Ct. 1755, 20 L.Ed.2d 828 (1968).[1] In doing so, the Court has declared these statutes to be *Page 1023 
of paramount importance in safeguarding the rights of individuals afforded under the Fourth Amendment to the United States Constitution. As noted by Justice Brennan in Miller,supra, at 357 U.S. 313, 78 S.Ct. at 1197:
 The requirement of prior notice of authority and purpose before forcing entry into a home is deeply rooted in our heritage and should not be given grudging application. Congress, codifying a tradition embedded in Anglo-American law, has declared in § 3109 [the comparable federal statute] the reverence of the law for the individual's right of privacy in his house. Every householder, the good and the bad, the guilty and the innocent, is entitled to the protection designed to secure the common interest against unlawful invasion of the house.
We therefore, recognize that fundamental constitutional principles for privacy of the home foreclose any "grudging application" of our State statute.
The constitutional requirement of announcement serves basically three purposes: (1) the prevention of violence or physical injury to the police and to innocent persons who may also be present on the premises, (2) avoidance of unexpected exposure of the occupant's private activities, and (3) prevention of property damage resulting from a forced entry. 1 W. Ringel, Searches Seizures, Arrests and Confessions § 6.3 (2d ed. 1979); 2 W. LaFave, Search and Seizure: A Treatise onthe Fourth Amendment § 4.8 (1978). Yet, at the same time, there exists the countervailing concern to preserve surprise, and thereby prevent escape and the possible destruction of evidence. As a result, both state and federal courts have held that the exigencies of any given situation must be considered in balancing the individual's right to privacy and the public's corresponding interest in the prevention of crime and apprehension of criminals. 68 Am.Jur.2d Searches and Seizures § 91 (1973). In executing a search warrant, circumstances may exist which justify an unannounced and immediate entry. Seee.g., United States v. Singleton, 439 F.2d 381 (3rd Cir. 1971);United States v. Garcia, 437 F.2d 85 (5th Cir. 1971); Gilbertv. United States, 366 F.2d 923 (9th Cir. 1966); see generally Annot., 21 A.L.R.Fed. 820 (1974). Likewise, exigencies may justify a forcible entry after waiting only a brief time after announcement. See e.g., United States v. Allende, 486 F.2d 1351
(9th Cir. 1973); United States v. Cruz, 265 F. Supp. 15
(W.D.Tex. 1967); United States v. Poppit, 227 F. Supp. 73
(D.Del. 1964). Therefore, what constitutes a sufficient compliance with the announcement statute is necessarily dependent upon the peculiar circumstances confronting the executing officer. Laffitte v. State, 370 So.2d 1108
(Ala.Cr.App. 1979). There are simply no set rules on the length of time an officer with a warrant must wait before using force to enter a house. United States v. Jackson, 585 F.2d 653 (4th Cir. 1978); United States v. Phelps, 490 F.2d 644 (9th Cir. 1974).
In resolving the present controversy we have examined a number of federal cases concerning compliance with 18 U.S.C. § 3109, the federal " knock-and-announce" statute.[2] In cases factually similar to the present appeal, federal courts have held that officers were justified in making a forcible entry after announcing their purpose and waiting less than two minutes. United States v. Phelps, 490 F.2d 644 (9th Cir. 1974) (waited approximately 20 seconds); United States v. Noreikis,481 F.2d 1177 (7th Cir. 1973) (waited 30 seconds); UnitedStates v. Woodring, 444 F.2d 749 (9th Cir. 1971) (waited approximately one minute); United States v. West, 328 F.2d 16
(2nd Cir. 1964) (waited 30 seconds); United States v. Hanna,260 F. Supp. 430 (S.D.Fla. 1966) (waited one minute and 15 seconds). A survey of numerous *Page 1024 
State cases indicates a similar result. People v. Elder,63 Cal.App.3d 731, 134 Cal.Rptr. 212 (1976); People v. Lujan,174 Colo. 554, 484 P.2d 1238 (1971); State v. Baca, 87 N.M. 12,528 P.2d 656 (1974); see generally Annot., 70 A.L.R.3d 217 (1976). It is true that in several of these cases officers heard "scuffling" or "scampering" sounds which warranted prompt action; however, Ward testified in the present case that he definitely heard "movement" within the residence. Knowing someone was in the house and having waited two or three minutes, the officers were justified in concluding that they were denied admittance. The occupant's failure to respond within a reasonable time was tantamount to a refusal. UnitedStates v. James, 528 F.2d 999 (5th Cir. 1976). We, therefore, hold that the Montgomery County law enforcement officers waited a sufficient period of time before entering the residence and thereby acted properly in executing the warrant.
Accordingly, the lower court order is due to be, and is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.
[1] For a detailed discussion of the history and development of "knock-and-announce" statutes, see Blakey, The Rule of Announcement and Unlawful Entry: Miller v. United States andKer v. California, 112 U.Pa.L.Rev. 499 (1964).
[2] 18 U.S.C. § 3109 is virtually identical to Code 1975, §15-5-9 and provides:
 The officer may break open any outer or inner door or window of a house, or any part of a house, or anything therein, to execute a search warrant, if, after notice of his authority and purpose, he is refused admittance or when necessary to liberate himself or a person aiding him in the execution of the warrant.