Certiorari was granted to ascertain whether the Court of Criminal Appeals, 448 So.2d 409, has properly applied the provisions of Code of 1975, § 15-5-9, and our decision inDaniels v. State, 391 So.2d 1021 (Ala. 1980), to the facts of this case. We reverse and remand.
In his petition for writ of certiorari, the petitioner presented two issues, the first being:
 "Whether the overruling of appellant's motion to suppress based on the failure of the officers to comply with the requisites of the knock and announce statute while executing the search warrant herein was reversible error."
In addition to the facts recited in the opinion below, we have before us additional facts properly presented under Rule 39 (k), A.R.A.P., in petitioner's application for rehearing below.
It is clear from the record that the officers who entered the petitioner's home through the front screen door neither "knocked" nor "announced." The State now defends the entry on the ground that the officers had "talked to the two children" before entering, and in any case, "literal compliance with §15-5-9 has never been required." In either event, it is urged, the procedure used to permit entry of the petitioner's premises complied with Daniels v. State, supra, recognized by the court below as the focal point of the applicable law. It is unnecessary to repeat here the injunctions of the federal courts on the requirement of prior notice of authority and purpose on the part of law enforcement authorities when making forceful, as opposed to permissive, entry into private homes. Nor is it necessary to discuss at length the exceptions which, in certain circumstances, may exist to justify an unannounced and immediate entry. That aspect of this area of search and seizure law was sufficiently explored in Daniels, supra. It should be recalled that Daniels, itself, involved not an unannounced entry, but an entry which occurred two or three minutes after the officer had knocked on the door and announced his authority, knowing that someone was inside the residence. Here, there was never any attempt by the officers to announce their authority and purpose. Indeed, Officer Hembree testified that he did not knock because there "was already somebody there to talk to." Perhaps this was, as the court below observed, consistent with the conduct of business or social visitors. That, however, is not the test to be applied in these instances. § 15-5-9, supra.
Nor does the record demonstrate any necessity for an unannounced entry. The officers saw the defendant approaching the screened porch from the living room. There was no evidence that any announcement or delay on their part would alert him or place them in peril, cf. United States v. Mendez, 437 F.2d 85
(5th Cir. 1971); Gilbert v. United States, 366 F.2d 923 (9th Cir. 1966), or that the petitioner knew their *Page 415 
identity and purpose, or that the officers entertained a reasonable belief that any announcement of purpose would lead to destruction of the evidence, United States v. Singleton,439 F.2d 381 (3d Cir. 1971), or that their announcement would have been met with a refusal. Cf. United States v. Allende,486 F.2d 1351 (9th Cir. 1973) (after announcement officers heard "scampering" sounds). What happened here was that the officers asked some children who were inside the screened porch the whereabouts of their father. Upon being told that he was in the house, the officers, seeing the petitioner inside at the time, entered the residence and, displaying identification, handed the petitioner a copy of the search warrant. Those circumstances do not justify this entry through the front screen door.
The State, moreover, does not contend that there was any permissive entry by police officers through the back door. The record discloses that following Officer Hembree's entry through the front door, Mrs. Gannaway unlocked the rear door to the house on the call of another officer who said, "You can unlock this door now."
On the record, we find that the requirements of § 15-5-9 were not met and that, accordingly, it was error to overrule the petitioner's motion to suppress the evidence seized in the search in question. Having so found, we find it is unnecessary to consider the other alleged error raised by the petitioner. Accordingly, the decision of the Court of Criminal Appeals must be, and it hereby is, reversed, and this cause is remanded to that court with directions to award the petitioner a new trial. It is so ordered.
REVERSED AND REMANDED WITH DIRECTIONS.
TORBERT, C.J., and JONES, EMBRY and ADAMS, JJ., concur.
MADDOX, FAULKNER, ALMON and SHORES, JJ., dissent.