Appellant was indicted on one charge of possession of marijuana, and one charge of controlled substances, a liquid containing pentazocine, a powder containing cocaine, and tablets containing codeine. Appellant was convicted of both charges, and sentenced to four (4) years in the penitentiary.
On January 11, 1982, Officer Jimmy L. Wesson, of the Birmingham Police Department, and several other police officers executed a search warrant at 956 53rd Street North, Birmingham, Alabama. The information which led to obtaining the search warrant was obtained by Wesson from an unnamed reliable informant, who said he had observed someone purchase narcotics at the designated address.
Officer Wesson knocked on the front door, and appellant, dressed in a housecoat and pajamas, came to the door. After Officer Wesson identified himself and stated he had a search warrant, appellant rushed to the rear of the house, without opening the front door. Officers at the back door forced their way into the residence, and let Officer Wesson inside. Besides appellant, Larry Farmer was inside the house.
There were two bedrooms in the house. One contained men's clothing, and the other had only women's clothing inside. In this latter bedroom, the officers found five bags of cocaine, twenty-seven Tylenol # 3 codeine tablets, and five liquid ampules of Talwan. A South Central Bell telephone bill in appellant's name, for 956 53rd Street North, was found on the kitchen table. Before appellant was taken to jail, she went into the bedroom, where the contraband was found, to change clothes.
First, appellant alleges the trial court erred by not allowing a defense witness to take the witness stand, because she was going to claim her Fifth Amendment privilege against self-incrimination. Appellant attempted to call Debra McBride, appellant's sister, to testify. The trial court would not allow appellant to call the witness *Page 999 
if she was going to claim her testimonial privilege.
A witness may not claim his testimonial privilege before taking the witness stand. The privilege may only be invoked on the witness stand, in response to a question that would call for an incriminating response. McCormick on Evidence, § 136 (2d ed. 1977). For a witness, the testimonial privilege is merely an option of refusal to testify, not a prohibition of inquiry. 8 Wigmore, Evidence, § 2268 (McNaughton rev. 1961). In the present case, the trial court prematurely allowed the witness to invoke her Fifth Amendment privilege.
To successfully claim reversible error in this situation, defense counsel must have made some offer of proof or a sufficient statement of the evidence that he anticipated to elicit from this witness. 23 C.J.S. Criminal Law § 1029 (1961). The statement must suggest what the evidence anticipated would be, and how it is both relevant and material. Woods v. State,18 Ala. App. 123, 90 So. 52 (1921); United States v. Wells,525 F.2d 974 (5th Cir. 1976).
The record indicates that appellant's counsel informed the trial judge that Debra McBride had told him that she was involved with the drugs that were seized. Absent any other showing of some anticipated substantive testimony that would not be self-incriminating, but still relevant and material, this court cannot review the trial judge's exclusion. Gwin v.State, 425 So.2d 500, 509 (Ala.Crim.App. 1982). Any self-incriminating statements that defense counsel might have attempted to elicit from Debra McBride would have properly been excluded; therefore, defense counsel should have stated what other admissible testimony could have been elicited from Debra McBride, in some form of an offer of proof.
Appellant next contends that appellant was improperly sentenced, because of a separate charge and sentence for possession predicated on different types of drugs seized. Appellant cites Vogel v. State, 426 So.2d 863 (Ala.Crim.App. 1980), aff'd, 426 So.2d 882 (Ala. 1982), cert. denied, ___ U.S. ___, 103 S.Ct. 2456, 77 L.Ed.2d 1335 (1983), raising the double jeopardy standard that prohibits splitting a single criminal act to justify multiple prosecutions for identical criminal behavior.
Close examination of the record indicates that there was only one sentence in this case, and the action of the trial court met the requirements of Vogel, supra; therefore, there are no double jeopardy issues present.
Appellant also argues that the State failed to prove that appellant had dominion or control of the controlled substances and marijuana.
A careful examination of the record indicates that appellant responded to the police officer's knock at the front door, and when informed that the police had a search warrant, she quickly moved to the rear of the house, saying, "It's the police."
After forcibly gaining entry to the house, officers discovered the contraband in the bedroom. Before being taken into custody, appellant changed clothes, and she wore clothing that was located in a closet in the bedroom where the contraband was discovered. Officers also found the telephone bill for 956 53rd Street North in appellant's name. All of this evidence connects appellant to the contraband.
Where, as in this case, actual possession of the contraband is not shown, and constructive possession is relied upon, the State must show beyond a reasonable doubt, in addition to constructive possession, that the accused knew of the presence of the contraband. Temple v. State, 366 So.2d 740
(Ala.Crim.App. 1978); Yarbrough v. State, 405 So.2d 721
(Ala.Crim.App. 1981); Rueffert v. State, 46 Ala. App. 36, 39,237 So.2d 520, 523 (Ala.Crim.App. 1970). Where the accused is not in exclusive possession, this knowledge may not be inferred without other evidence that connects defendant to the contraband.
While physical proximity to the contraband is relevant, this evidence alone does not "add the necessary connection" between appellant and the contraband to *Page 1000 
show that appellant had knowledge of the presence of controlled substances. Temple, supra, at 743. But evidence of substantial control over the premises, such as the phone bill in appellant's name, along with both verbal admissions and appellant's conduct when she met the police officers at the door, will sufficiently connect appellant with the contraband to show constructive possession.
The circumstances as a whole were sufficient to convince a jury that appellant was more than just a mere visitor on the premises, and that she, either singly, or jointly with the other occupant, had constructive possession of the contraband.Sturdivant v. State, 439 So.2d 184, 186 (Ala.Crim.App. 1983).
We have reviewed the issues in this case as presented by appellant. In addition, we have searched the record for any error injuriously affecting appellant's substantial rights, and have found none. The judgment of conviction is due to be, and is, hereby, affirmed.
AFFIRMED.
All the Judges concur.