TYSON, Judge.
Gary Nolan Shaneyfelt was indicted in a two-count indictment for possession of dia-zepam and possession of methamphetamine in violation of § 20-2-70, Code of Alabama 1975. The jury found the appellant “guilty as charged in the indictment” and the appellant was sentenced to five years’ imprisonment in the penitentiary.
Officer Rassie Smith of the Mobile Police Department testified that he and several other officers executed a search warrant at 2075 West Victory Drive in Mobile at 12:45 on the afternoon of December 7, 1983. When the officers arrived at this residence, Smith knocked on the door, identified himself and his purpose. Smith heard people moving around inside and saying “police”.
At this point the officers forcibly entered the residence. Smith went into the bedroom and found Mary Shaneyfelt standing next to the bed and James Brown sitting on the bed. When Mary Shaneyfelt saw Smith, she threw some yellow pills into the air and ran into the closet. A number of additional yellow tablets was found on the bed. These pills were analyzed and found to be methamphetamine, a controlled substance.
In the living room the officers found the appellant, Richard Mosely, and David and Brenda Norton. Officer Claude Monigan found a number of white tablets wrapped in foil lying on the floor next to the spot where the appellant was sitting. The white tablets were diazepam, a controlled substance.
All of the people found in the house that afternoon were charged. The charges against Mosely and the Nortons were dropped because the appellant and Mary Shaneyfelt told Smith that Mosely and the Nortons had just arrived at the house and were not involved. Smith said the appellant had been seen at this residence on a number of previous occasions.
The State rested its case. The appellant’s motion for judgment of acquittal was denied.
Several defense witnesses testified as to the good reputation of the appellant. The appellant stated that he was divorced from Mary Shaneyfelt on December 7, 1983 and that they were not living together on this date. The appellant testified that he would come by Mary Shaneyfelt’s house occasionally to check on things.
On the day in question, the appellant stated that he was at Mary Shaneyfelt’s house cleaning the sewage line. Mosely was helping him perform this task. Around 12:30 p.m., he and Mosely went into the house to sit down. David Norton, accompanied by his wife, came by to offer his help. They were also sitting in the living room when the police came in. The appellant was unaware that the diazepam was there when the police found it.
When the appellant was. arrested on this day, he told the police his address was 2075 West Victory Drive. He also gave them this address in March of 1984 when he was arrested on a DUI charge.
I
The appellant challenges the sufficiency of the evidence.
“Where, as in this case, actual possession of the contraband is not shown, and constructive possession is relied upon, the State must show beyond a reasonable doubt, in addition to constructive possession, that the accused knew of the presence of the contraband. Temple v. State, 366 So.2d 740 (Ala.Crim.App.1978); Yarbrough v. State, 405 So.2d 721 (Ala.Crim.App.1981); Rueffert v. State, 46 Ala.App. 36, 39, 237 So.2d 520, 523 (Ala.Crim.App.1970). Where the accused is not in exclusive possession, this knowledge may not be inferred without other evidence that connects defendant to the contraband.
“While physical proximity to the contraband is relevant, this evidence alone does not ‘add the necessary connection’ between appellant and the contraband to show that appellant had knowledge of the presence of controlled substances. Temple, supra, at 743.”
*806 Smith v. State, 457 So.2d 997, 999-1000 (Ala.Crim.App.1984).
“ ‘The accused’s knowledge of the presence of the controlled substance may be proved by “his declarations, or admissions, and contradictory statements, and explanations made by him.” 28 C.J.S. Supp., Drugs and Narcotics, § 204 (1974).’ Cason v. State, 435 So. 200, 202 (Ala.Cr.App.1983). See also Ex parte Story, 435 So.2d 1365 (Ala.1983).”
Lyons v. State, 455 So.2d 295, 296 (Ala.Crim.App.1984).
In the case at bar, the appellant told Officer Smith that the three people in the room with him at the time the diazepam was found near his person were not involved. Certainly, the appellant's knowledge can be inferred from his statement clearing the other people in this room. Furthermore, the activity in the living room, (i.e., moving around, saying “police”) just prior to the officers’ entry, also tends to connect the appellant with the contraband to show constructive possession. See Smith, supra.
“Under the facts of this case, the defendant’s guilt or innocence was a question for the jury. ‘[W]hen the presence of the accused at the scene is established and evidence of his knowledge of the presence of the prohibited substance is shown (even by circumstantial evidence), along with any other incriminating evidence, the issue of the defendant’s guilt should be submitted to the jury.’ Radke v. State, 292 Ala. 290, 292, 293 So.2d 314 (1974); Collier v. State, 413 So.2d 396, 402 (Ala.Cr.App.1981), affirmed, 413 So.2d 403 (Ala.1982); Lee v. State, 350 So.2d 743, 748 (Ala.Cr.App.1977).
“While mere proximity to contraband is not enough to establish constructive possession, ‘where other circumstantial evidence ... is sufficiently probative, proximity to contraband coupled with inferred knowledge of its presence will support a finding of guilt on such charges.’ United States v. Whitmire, 595 F.2d 1303, 1316 (5th Cir.1979). ‘[I]f presence at the time and place a crime is committed, in conjunction with other facts and circumstances tend to connect the accused with the commission of the crime, then the jury may find the accused guilty.’ Dolvin v. State, 391 So.2d 133, 137 (Ala.1980); Kimmons v. State, 343 So.2d 542 (Ala.Cr.App.1977). The standard in reviewing the sufficiency of the evidence ‘is not whether in our opinion the evidence and all reasonable inferences therefrom failed to exclude every hypothesis other than guilt, but rather whether there was evidence from which the jury might reasonably so conclude.’ Cumbo v. State, 368 So.2d 871, 874 (Ala.Cr.App.1978).”
German v. State, 429 So.2d 1138, 1143 (Ala.Crim.App.1982), cert. denied, 429 So.2d 1138 (Ala.1983).
The appellant’s guilt or innocence was a question for the jury. The appellant’s motion for judgment of acquittal, therefore, was properly denied. See Parham v. State, 333 So.2d 912 (Ala.Crim.App.1976), cert. denied, 333 So.2d 915 (Ala.1976).
II
The appellant asserts that his motion to suppress should have been granted on two grounds. First, he alleges that the search warrant in this case was invalid.
The affidavit which provided the basis for the issuance of the search warrant stated that Officer Smith had received information from a confidential informant that he had been to the residence of Gary and Mary Shaneyfelt within the past three days. While at this residence, the informant observed a quantity of small yellow tablets. Mary Shaneyfelt told the informant the tablets were Desoxyn.
The affidavit also stated that the confidential informant had provided Smith with reliable information in three cases in the past six months. Smith provided the names of two of those cases at the suppression hearing. He further testified that the *807 informant told him that both Mary Shaney-felt and the appellant were present when he went to their residence. Funches v. State, 53 Ala.App. 330, 299 So.2d 771 (1974), cert. denied, 293 Ala. 752, 299 So.2d 778, cert. denied, 419 U.S. 1114, 95 S.Ct. 793, 42 L.Ed.2d 813 (1975).
In light of this evidence, the search warrant in this case is clearly sufficient under the totality-of-the-circumstances test set out in Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).
Second, the appellant contends the search warrant was executed in violation of Alabama’s Knock and Announce Statute set out in § 15-5-9, Code of Alabama 1975. Section 15-5-9 provides:
“To execute a search warrant, an officer may break open any door or window of a house, any part of a house or anything therein if after notice of his authority and purpose he is refused admittance. (Code 1852, § 834; Code 1867, § 4385; Code 1876, § 4014; Code 1886; § 4735; Code 1896, § 5492; Code 1907, § 7765; Code 1923; § 5479; Code 1940, T. 15, § 108.)
“In evaluating an officer’s compliance with a ‘knock-and-announce’ statute, the courts look only to the facts and circumstances with which the officer is faced at the time he makes his decision and acts upon it. People v. Schad, 21 Cal.App.3d 201, 98 Cal.Rptr. 439 (1971).” Laffitte v. State, 370 So.2d 1108 (Ala.Crim.App.), cert. denied, 370 So.2d 1111 (1979); Conner v. State, 382 So.2d 601 (Ala.Crim.App.1979), cert. denied, 382 So.2d 605 (Ala.1980).
Officer Smith testified that, upon arriving at the address listed on the search warrant, he knocked on the door and said, “Police officers. Search warrant. Open the door.” (R. 17). He heard some people inside “start moving around” and saying, “Police, police.” (R. 17). Smith then instructed another officer to kick the door open. This was done and the officers entered the residence.
An affirmative refusal of entry is not always necessary before an officer is justified in forcing entry. Conner, supra. In fact, in most instances, the refusal of admittance will not be affirmative but will be by implication. Laffitte, supra.
Officers are “justified in assuming that they had been denied admittance” when there is “some positive conduct on the part of the occupants indicating that they were not going to open the door.” Laffitte, supra, at 1110 (quoting 70 A.L.R.3d 217, 224 (1976)).
There is no set time in which an officer must wait before he uses force to gain entry. Daniels v. State, 391 So.2d 1021 (Ala.1980). In a factually similar case to the one at bar, we held in Conner, supra that a “five second wait” was sufficient based on the totality of the circumstances. Our reasoning in Conner, supra, is applicable here.
The circumstances of this case justify the officers’ belief that they had been denied admittance before they entered this residence. Therefore, we find that § 15-5-9, Code of Alabama was sufficiently complied with in this case.
The trial court’s denial of the appellant’s motion to suppress was correct.
Ill
During the redirect examination of Officer Smith, the following occurred: (R. 26).
“Q. The pills that Officer Monigan found in the living room, did he tell you where he found those pills?
“A. Yes.
“Q. All right. Where did he say he found them?
“MR. KNIGHT: Object, Judge. That’s hearsay, blatant hearsay.
“MR. HARRISON: Judge, this is cross examination. I have a right to come back with it.
*808 “MR. KNIGHT: Not hearsay, Your Honor.
“MR. HARRISON: Judge, he opened the door—
“MR. KNIGHT: It’s rank hearsay, Your Honor.
“THE COURT: Overruled. Go ahead.
“A. On the floor next to where Mr. Shaneyfelt was sitting.
“Q. Next to where he was sitting?
“A. Yes, sir.”
The appellant contends his above-noted objection should have been sustained and claims error because the trial judge admitted Smith’s statement into evidence over his hearsay objection. This contention must fail.
“It is well established that it is not error to allow facts to be shown over objection when they have already been proven without objection. Kendrick v. State, 55 Ala.App. 11, 312 So.2d 583 (1975).” Hunt v. State, 453 So.2d 1083 (Ala.Crim.App.), cert. denied, 453 So.2d 1083 (Ala.1984).
Officer Smith had already stated during cross-examination, without objection, that Officer Monigan told him that some pills were found on the floor in the living room. Therefore, no error occurred here.
IV
The appellant contends the trial judge erred by refusing to give his written requested jury charges eight through fourteen. These charges pertain to the elements of “constructive possession”. A review of the record reveals that this matter was substantially and fairly covered in the trial court’s oral charge to the jury. Defense counsel basically admitted this fact when he made his objections to the court’s refusal to give his written requested charges. (See R. 71). Therefore, there is no basis for a reversal on this issue. Section 12-16-13, Code of Alabama 1975. Williams v. State, 451 So.2d 411 (Ala.Crim.App.1984); Moore v. State, 457 So.2d 981 (Ala.Crim.App.1984).
The judgment of the trial court is to be and is, hereby, affirmed.
AFFIRMED.
All the Judges concur.