Violation of the Alabama Uniform Controlled Substances Act; sentence: seven and one-half years.
Appellant was tried without a jury on facts stipulated by the parties. On January 28, 1980, St. Clair County law enforcement officers, along with Birmingham police officers, went to the residence of the appellant and conducted a search pursuant to a warrant. Birmingham Police Sgt. Cameron Guy testified that it was daylight, approximately 6:30 a.m., when the warrant was executed. He said that when the officers arrived they approached the back door of appellant's trailer, knocked, and announced their identity and purpose for being there. On receiving no response, they tried the back door, found it unlocked, and entered the trailer. According to Guy, they had waited about twenty-seconds before entering the residence.
Sgt. Guy stated that when they entered the appellant's bedroom they found an automatic pistol, a small bag of cocaine, and a female companion in the appellant's bed with him. The search also revealed a large bag of cocaine in a plastic cooler and some marijuana in a trash can in the appellant's bedroom.
Deputy Luther McCain of the St. Clair County Sheriff's Department testified that he participated in the search of the appellant's residence. He stated that he had the search warrant in his hand when he knocked on the door and identified himself as a police officer. McCain said he announced that he had a search warrant and, after ten or fifteen seconds, he knocked again. At that time he checked the door to see if it was locked and, finding that it was not, he and the other officers stepped inside and again made the announcement of their identity and purpose. McCain gave his opinion that he and the other officers waited a sufficient time for the occupants of the trailer to have heard them knocking before the officers entered.
No issue is made that the substance found in the appellant's bedroom was not cocaine.
 I
The appellant contends that the search warrant failed to comply with the provisions of § 15-5-8, Code of Alabama 1975, because it did not direct whether the search was to be made in the daytime or at any time of the day or night. Section 15-5-8, supra reads:
 "A search warrant must be executed in the daytime unless the affidavits state positively that the property is on the person or in the place to be searched, in which case it may be executed at any time of the day or night. The issuing judge or magistrate must state in the warrant, according to the character of the affidavits, whether it is to be executed by day or at any time of the day or night."
While it is true that the statute uses mandatory language ("must state") indicating that the time of execution must be specified, we can determine the purpose of § 15-5-8, or the legislature's intent, only by examining the statute as a whole. See McWhorter v. State Board of Registration for ProfessionalEngineers and Land Surveyors ex rel. Baxley, Ala.,359 So.2d 767 (1978). We should also consider the particular *Page 1183 
evils at which the legislation is aimed. McWhorter, supra.
In our judgment, a reading of the statute as a whole compels the conclusion that it was the legislative intent to protect the citizen against service of a search warrant at night. By requiring the issuing judge to state the time during which a warrant could be executed, the legislature intended to insure that a magistrate had considered the affidavits and decided whether the facts justified the unusual course of a nighttime search.
In the present case the affidavit filed with the search warrant did not meet the requirements for a nighttime search, but it did satisfy the statutory mandate for a daytime search. Therefore, the warrant was authorized to be served only in the daytime. The undisputed testimony showed that the warrant was, in fact, served in the daylight hours.
Warrants containing no direction or permission for nighttime service must be served in the daytime. Pugliese v. UnitedStates, 343 F.2d 837 (1st Cir. 1965); Moore v. United States,57 F.2d 840 (5th Cir. 1932); Johnson v. United States,46 F.2d 7 (6th Cir. 1931). In Johnson, supra, the Court of Appeals for the Sixth Circuit held that any error in the omission of the time of execution of the warrant, when the warrant was actually served in the daytime, was harmless.
In Jones v. State, 54 Ala. App. 167, 306 So.2d 33 (1974), affirmed, 293 Ala. 762, 306 So.2d 45 (1975), we held that a warrant which lacked the mandatory statutory language "To any sheriff . . .," but which was, in fact, executed by the sheriff, was valid. Under the rationale of Jones, supra, we hold that, although the warrant in question does not contain the language regarding time of service, it was in fact served at the proper time and was, therefore, not invalid.
 II
The appellant next insists that the manner in which the warrant was executed violated the provisions of § 15-5-9, Code of Alabama 1975, and rendered the search invalid. That section, known as the "knock and announce" rule, provides the following:
 "To execute a search warrant, an officer may break open any door or window of a house, any part of a house or anything therein if after notice of his authority and purpose he is refused admittance."
[Emphasis added]
In the present case, the evidence is undisputed that the officers complied with the requirement that they announce their identity and purpose. The issue is whether they were "refused admittance." A verbal or affirmative refusal, however, is not always required, and if the occupants of the dwelling fail to respond within a reasonable time, refusal can be presumed.Laffitte v. State, Ala. Cr. App., 370 So.2d 1108, cert. denied, Ala., 370 So.2d 1111 (1979). See also Conner v. State, Ala. Cr. App., 382 So.2d 601 (1979), cert. denied, Ala.,382 So.2d 605 (1980). What constitutes a "reasonable time" is necessarily dependent on the particular facts and circumstances of each individual case. See Daniels v. State, Ala.,391 So.2d 1021 (1980).
Appellant relies on Reynolds v. State, 46 Ala. App. 77,238 So.2d 557, cert. denied, 286 Ala. 740, 238 So.2d 560 (1970), for the proposition that a two and one-half to five minute time lapse is unreasonable. He therefore maintains that the twenty-second interval in the present case was insufficient.
In Reynolds, supra, police officers armed with a search warrant went to the accused's residence, knocked on the doors and tapped on the windows for two and a half to five minutes. After receiving no answer, but without announcing their authority and purpose, the officers pulled the latch out of the back door frame and entered the house. Writing for this court, Judge Price observed that the officers had failed to comply with the knock and announce statute. The critical point inReynolds was not the time lapse before entry but the unannounced nature of the intrusion. Reynolds, therefore, is not authority for a particular time lapse which must occur before entry is accomplished. As the Alabama Supreme *Page 1184 
Court observed in Daniels v. State, "There are simply no set rules on the length of time an officer with a warrant must wait before using force to enter a house." 391 So.2d at 1023.
The reasonableness of the officer's delay depends on a number of factors, including the likelihood of destruction of the evidence and the possibility of danger to the officers or occupants of the dwelling. See generally, Annot., 70 A.L.R.3d 217 (1976).
When, as here, the evidence is narcotics, and the likelihood of easy and swift destruction of the evidence is great, seeConner v. State, supra, the time which must elapse before entry is necessarily shortened. In addition, when, as in the case before us, there is not violent or forcible intrusion but entry through an unlocked door, the possibility of danger to the police or to the residents within is lessened. See 70 A.L.R.3d 217, § 3 at 228.
Finally, when the officers announce themselves not only at the outer door, but also once they have gained an unforced entry to the premises, as was done in the present case, the policies underlying the "knock and announce" statute have been doubly served. Officers Guy and McCain testified that they walked through an unlocked door, repeated their announcement of authority and purpose "all the way down the hallway," and there "should have been enough time for anybody to have heard."
We find that the twenty-second interval between announcement and entry here was reasonable. Although the officers did not hear "scurrying," Conner v. State, supra, "running," Laffittev. State, supra, or "movement," Daniels v. State, supra, inside appellant's trailer before they walked in, they were faced with the probability of easy disposal of the narcotics if they had delayed. In addition, their entry required no destruction of appellant's property and their repeated announcements, outside and inside the premises, provided the occupants a reasonable time to have heard them and refused admittance. We therefore hold, based on the specific facts of this case, that the method of execution of the warrant was proper.
We have examined the record and find no error; therefore the judgment of conviction by the St. Clair Circuit Court is affirmed.
AFFIRMED.
All the Judges concur.