Appellants Bernice Harper and Sheila Ann Harper pleaded guilty to the charge of possession of marijuana, a controlled substance, in violation of § 20-2-70, Code of Alabama 1975. Bernice Harper was sentenced to four years' imprisonment and Sheila Ann Harper was sentenced to five years' imprisonment.
Appellants present two issues on appeal.
 I
Appellants first argue that the trial court erred in denying their motion to suppress, because, they say, where the officers failed to comply with the "knock-and-announce" statute in the search of their home.
Section 15-5-9, Code of Alabama 1975, states:
 "To execute a search warrant, an officer may break open any door or window of a house, any part of a house or anything therein if after notice of his authority and purpose he is refused admittance."
This section gives an officer authority to break and enter a dwelling, but only after complying with certain requisite procedures.
 "The propriety of the method of entering a premises varies with the exact factual circumstances involved in each particular *Page 600 
case. State v. Newman, 12 Or. App. 266, 506 P.2d 523 (1973). In evaluating an officer's compliance with a 'knock-and-announce' statute, the courts look only to the facts and circumstances with which the officer is faced at the time he makes his decision and acts upon it. People v. Schad, 21 Cal.App.3d 201, 98 Cal.Rptr. 439 (1971)."
Laffitte v. State, 370 So.2d 1108, 1110, (Ala.Cr.App.), cert. denied, 370 So.2d 1111 (Ala. 1979).
In this case, Officer Dewane stated that he and the other officers, four in all, waited 30 to 45 seconds before they entered by force. He also stated that he had served another warrant at the same residence, not long before this occurrence. Officer Dewane had learned from a reliable informant that marijuana was seen in the house approximately 72 hours before the warrant was executed. He was known at the residence, and as many as eight or nine arrests had been made in the immediate area in the recent past. The officer also testified that they announced themselves twice and then heard running inside the house.
There is no question, in the instant case, that the officers knocked and announced themselves. The issue arises with the definition of "refused admittance."
"The refusal of admittance contemplated by the statute will rarely be affirmative, but will oftentimes be present only by implication." Laffitte, supra, at 1110, quotingMcClure v. United States, 332 F.2d 19, 22 (9th Cir. 1964), cert. denied, 380 U.S. 945 (1965). "Failure to respond within a reasonable time was tantamount to a refusal."United States v. James, 528 F.2d 999, 1017 (5th Cir. 1976), cert. denied, 429 U.S. 959 (1976).
"What constitutes a reasonable time is necessarily dependent on the particular facts and circumstances of each individual case." Irwin v. State, 415 So.2d 1181,1183 (Ala.Cr.App. 1982), cert. denied, 459 U.S. 971 (1982); see also, Daniels v. State, 391 So.2d 1021 (Ala. 1980).
"There is no set time an officer must wait before he uses force to gain entry."
Shaneyfelt v. State, 494 So.2d 804, 807 (Ala.Cr.App. 1986), citing, Daniels, supra.
"When as here, the evidence is narcotics, and the likelihood of easy and swift destruction of the evidence is great, see Conner v. State, 382 So.2d 601
(Ala.Cr.App. 1979), cert. denied, 382 So.2d 605 (1980), the time which must elapse before entry is necessarily shortened." Irwin v. State, supra, at 1184.
In United States v. West, 328 F.2d 16 (2d Cir. 1964), the court stated that 30 seconds was enough time, and in United States v. Phelps, 490 F.2d 644 (9th Cir. 1974), cert. denied, 419 U.S. 836, 95 S.Ct. 64, 42 L.Ed.2d 63
(1974), that court stated that 20 seconds was sufficient time to wait.
This court in Conner v. State, supra, stated that five seconds was enough time to wait before entering, when the officers heard a scurrying sound from behind the door.
In Irwin v. State, supra, this court stated that 20 seconds was sufficient time to wait before forcibly entering a residence. In Irwin no movement or sound of any kind was heard from the house.
In this case, both Officers Dewane and Hamm testified that they heard running inside the house.
Looking at the totality of the circumstances, there can be no other conclusion than to find that the police officers complied with the statute. The trial court's denial of the motion to suppress was correct.
 II
Appellants also argue that the trial court erred in denying their motion to suppress because, they say, they were not served with a search warrant at the time the search took place.
"The findings of a trial court on a motion to suppress are binding on this court unless they are clearly erroneous."Simmons v. State, 428 So.2d 218, 219 (Ala.Cr.App. 1983); United States v. Gunn, 428 F.2d 1057 (5th Cir. 1970). *Page 601 
"Absent clear error, the court's credibility choices at suppression hearings are binding on this court." Murphyv. State, 462 So.2d 761, 762 (Ala.Cr.App. 1984);United States v. Aldridge, 719 F.2d 368, 373 (11th Cir. 1983).
Both appellants stated that the first time they saw a warrant was at the jail the next day. Appellants also allege that they were told by the officers that a search warrant was not needed.
At the suppression hearing, there was conflicting testimony on this issue. The appellants stated that they were never given a warrant, but Officer Dewane testified that he saw one of the appellants reading the warrant in their living room during the search of the house.
On a motion to suppress, "the trial court's ruling is to be given great credence unless clearly erroneous or palpably wrong, which we find it was not in this case." Morrisonv. State, 455 So.2d 240, 243 (Ala.Cr.App. 1984);Brumback v. State, 371 So.2d 999 (Ala.Cr.App. 1979);Smith v. State, 351 So.2d 668 (Ala.Cr.App.), cert. denied, 351 So.2d 675 (Ala. 1977).
Further, there is also some question as to whether a copy of the warrant must be given to the individual. As a Florida court stated in Harden v. State, 433 So.2d 1378,1379 (Fla. 2d Dist.Ct.App. 1983), "The failure to serve a proper copy of the search warrant at the time of execution has no effect upon the constitutional imperatives for its issuance and does not diminish the reliability of the evidence." Thus, no error occurred.
For the reasons stated hereinabove, this case is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.
 *Page 224