TAYLOR, Presiding Judge.
The appellant, Daniel McReynolds, was convicted of unlawfully possessing marijuana for his personal use after having been previously convicted of unlawful possession of marijuana in the second degree or unlawful possession of marijuana for personal use only, in violation of § 13A-12-213(a)(2), Code of Alabama 1975, and unlawful possession of cocaine, in violation of § 13A-12-212(a)(l), Code of Alabama 1975. He was sentenced to 30 years on each count, the sentences to run concurrently, in the state penitentiary.
*851 The facts tended to show that on the evening of October 25, 1988, Lieutenant Ken Smith of the Selma Police Department received a call from an informant, who had furnished him information in the past. The informant had talked with the appellant about obtaining some cocaine from the appellant, but did not have enough money to do so. The appellant told the informant to come see him at the Craig Motel when the informant could pay for the cocaine.
On the following morning, October 26, 1988, Lieutenant Smith called the motel and ascertained the appellant’s room number. Then, after obtaining a search warrant, Lieutenant Smith, along with Sergeants Roy Abott, Mike Jones, and Joe Harrell of the Selma Police Department, went to the motel. Mrs. Patel, the wife of the motel owner, went with them to the appellant’s room. Mrs. Patel knocked on the door, but no one answered. Then she tried to open the door with her master key but was prevented from doing so by the night chain.
At this, Lieutenant Smith announced himself and kicked the door. The door failed to open, so Lieutenant Smith announced himself again and kicked the door a second time. With this second kick, the door opened. Inside the room were the appellant and a young woman by the name of Yvonne Cardona. The appellant was in bed, but Ms. Cardona had jumped out of bed as the door was being kicked in. On the night stand, next to Ms. Cardona’s side of the bed, were cigarette butts, later learned to contain marijuana. On the floor, a whole marijuana cigarette was found. On the dresser, at the foot of the bed, was a bag of cocaine. Cash in the amount of $1,300 was found in the pockets of the appellant’s pants.
The appellant contends on appeal that the police officers violated his constitutional and statutory rights when they broke into his motel room. More specifically, the appellant argues that Lieutenant Smith improperly entered his motel room without first announcing his authority as required by § 15-5-9, Code of Alabama 1975. The appellant further argues that no exigent circumstances were present to justify an entry without notice of authority.
Section 15-5-9, Code of Alabama 1975, provides as follows:
“To execute a search warrant, an officer may break open any door or window of a house, any part of a house or anything therein if after notice of his authority and purpose he is refused admittance.”
Lieutenant Smith’s testimony, which was corroborated by Sergeant Harrell’s testimony, was to the effect that Lieutenant Smith announced his authority. However, the announcement was almost simultaneous with the officers’ forced entry. The officers were not “refused admittance” within the meaning of § 15-5-9 before they broke into the appellant’s motel room. Prom the evidence, it appears that the occupants at the premises said nothing and did nothing in the very short time before the police broke into the motel room.
While it is true that a verbal or affirmative refusal from the occupants of a dwelling is not always required before officers may make a forced entry to execute a warrant, Laffitte v. State, 370 So.2d 1108 (Ala.Cr.App.), cert. denied, 370 So.2d 1111 (Ala.1979), cases have held that there must be either (a) “some positive conduct on the part of the occupants indicating that they [are] not going to open the door,” from which the officers may “assum[e] that they [have] been denied admittance,” Annot., 70 A.L.R.3d 217, 224 (1976) (quoted with approval in Laffitte v. State, supra, 370 So.2d at 1110), or (b) a “failure] to respond within a reasonable time, [from which] refusal can be presumed.” Irwin v. State, 415 So.2d 1181, 1183 (Ala.Cr.App.), cert. denied, 459 U.S. 971, 103 S.Ct. 302, 74 L.Ed.2d 283 (1982).
In the instant case, there was no “positive conduct” by the occupants of the motel room from which the officers could conclude that the appellant. either was not going to open the door or was destroying evidence. Compare Shaneyfelt v. State, 494 So.2d 804, 807 (Ala.Cr.App.1986) (occupants were “moving around” and saying “police, police”); Conner v. State, 382 So.2d 601, 603 (Ala.Cr.App.1979), cert. de *852 nied, Ex parte Conner, 382 So.2d 605 (Ala.1980) (“scurrying”); Laffitte v. State, supra (“running”); Daniels v. State, 391 So.2d 1021 (Ala.1980) (“movement”).
There was also no “failure to respond within a reasonable time,” since the officers’ announcement and their forced entry into the motel room were almost simultaneous. Compare Irwin v. State, supra (20 second delay between announcement and entry). The officers in the present case simply did not wait for a failure to respond.
In Miller v. United States, 357 U.S. 301, 313, 78 S.Ct. 1190, 1197, 2 L.Ed.2d 1332 (1958), the Supreme Court noted:
“The requirement of prior notice of authority and purpose before forcing entry into a home is deeply rooted in our heritage and should not be given grudging application. Congress, codifying a tradition embedded in Anglo-American Law, has declared in § 3109 the reverence of the law for the individual’s right to privacy in his house. Every householder, the good and the bad, the guilty and the innocent, is entitled to the protection designed to secure the common interest against unlawful invasion of the house.”
Since the officers did not perceive any conduct on the part of the occupants which would indicate that they were either destroying evidence or were not going to open door, and did not give the occupants any time to respond before they forced entry, their execution of the search warrant was a violation of the fundamental law of the land. Thus, the appellant was entitled to suppress the evidence derived from the search.
This cause is reversed and remanded to the circuit court for proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur.