The appellant, Gary Wayne Beshears, was charged with trafficking in marijuana, a violation of § 13A-12-231, Code of Alabama 1975. The appellant moved to suppress the marijuana found by police officers during the execution of the search warrant issued to search his house. This motion was denied by the trial court. The appellant then entered into a plea bargain arrangement with the state pursuant to which he entered a plea of guilty to the offense of trafficking in marijuana. At the time of his plea of guilt, he specifically preserved his right to appeal the decision of the circuit court in denying his motion to suppress.
The appellant was sentenced to 10 years in prison and was fined $25,000. He presents four issues on appeal to this court.
 I
The appellant first contends that in executing the search warrant on the appellant's house, the police officers failed to comply with the Alabama "knock and announce" statute.
The so-called "knock and announce" statute is § 15-5-9, Code of Alabama 1975. That section provides:
 "To execute a search warrant, an officer may break open any door or window of a house, any part of a house or anything therein if after notice of his authority and purpose he is refused admittance." *Page 175 
The state's evidence at trial tended to show that the police officers executing the warrant knocked on the door of the appellant's house, shouted "Police," and entered the home of the appellant by way of an unlocked door. This court held inHouk v. State, 455 So.2d 115, 118 (Ala.Cr.App. 1984), quotingLaffitte v. State, 370 So.2d 1108, 1110 (Ala.Cr.App.), cert. denied, 370 So.2d 1111 (Ala. 1979):
 " ' "Where it appears from facts adduced that an announcement of the officers' purpose would frustrate a search, increase the personal peril of the executing officers or cause destruction of the evidence sought, there would be no necessity for compliance with the knock and announce rule, for these exceptions constitute 'exigent circumstances.' " ' "
From the record, three distinct exigent circumstances existed at the time of the execution of the search warrant complained of: 1) the state's police witnesses testified that they had knowledge of the presence of firearms inside the appellant's house. Officer Ed Smith testified that he knew that guns were inside the house and that "whenever we have prior knowledge that there [are] weapons in the house, we don't wait to give a defendant inside time to pick that weapon up and cause, you might say, a shoot-out or cause someone to get shot unnecessarily." 2) Dogs were menacing the officers as they passed through the fenced yard in order to gain access to the appellant's house. On direct examination by the prosecutor, Officer Billy Ware testified as follows:
 "Q: Tell us what happened right when you approached the door?
 "A: . . . I was particularly concerned with the dogs running around.
". . . .
 "A: . . . . One dog was after Investigator Cook who was running through the front yard trying to get on the porch."
3) The officers believed that their informant, who was inside the appellant's home, was in danger because the money used to make the "buy" from the appellant was counterfeit, and they were afraid that the appellant might have discovered this fact.
Under the facts of this case, it is clear that the officers were acting reasonably under the circumstances and that exigent circumstances did exist. Therefore, the search of the appellant's house was lawfully executed and in a correct manner.
 II
The appellant next contends that the search warrant was defective because it was not served by a county official and was not "directed" to a city official for service. Specifically, the appellant argues that the portion of the search warrant directing who could serve the search warrant was left blank. The appellant contends that because no deputy sheriff was present at the time of the search, the state must prove that the warrant was directed to the officers who served the warrant.
In this case municipal police officers sought and were granted the search warrant by a municipal judge. As the state correctly points out, § 12-14-4, Code of Alabama 1975, provides the authority as needed in this case. Section 12-14-4 provides:
 "The sheriffs of the counties and law enforcement officers of the municipalities of the state of Alabama shall obey the municipal judge having legal authority in faithfully executing the warrants and processes committed to them for service according to their mandates."
(Emphasis added.)
Huntsville police investigator Billy Ware signed the affidavit required for the warrant to issue. He presented it to municipal Judge James Sturdivant who signed it and returned it to Ware. It is clear that Judge Sturdivant "committed" the warrant to Ware for execution. Municipal officers validly obtained and executed the warrant in the instant case. No error occurred here.
 III
The appellant next contends that the search warrant improperly identified the residence to be searched as being located in the incorrect city and was thus defective. *Page 176 
Specifically, the appellant argues that the search warrant set forth the address of the dwelling to be searched as "621 Wade Road, Huntsville, Alabama." He contends that that address does not exist and that the appellant's home is actually located at 621 Wade Road, Brownsboro, Alabama. The actual wording of the warrant was as follows:
 "621 WADE RD. BEING THE NEXT TO THE LAST HOUSE ON THE LEFT (ON THE EAST SIDE) OF WADE ROAD ON THE SOUTH END HUNTSVILLE, MADISON COUNTY, ALABAMA.
(Emphasis added.)
It is clear that the warrant does not read as the appellant says it does. It is undisputed that the appellant's residence was within the police jurisdiction of the City of Huntsville. The United States Supreme Court, in Steele v. United States,267 U.S. 498, 45 S.Ct. 414, 69 L.Ed. 757 (1925), held:
 "It is enough if the description is such that the officer with a search warrant can with reasonable effort ascertain and identify the place intended."
In the instant case Ware had been to the appellant's house to investigate the premises. He also was the affiant and accompanied the other officers at the time the warrant was executed. Ware correctly listed the appellant's address as Brownsboro, Alabama in the affidavit which he completed before being issued the search warrant by the municipal judge.
Therefore, we conclude that the address of the appellant was adequately identified and that the trial court did not err in refusing to suppress the evidence discovered as a result of the search of the appellant's house.
For the reasons above listed, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.