McMILLAN, Judge.
The State appeals from the trial court’s order granting Michael Edwin McFall’s motion to suppress.
The defendant was charged with possession of a controlled substance, in violation of § 13A-12-212, Code of Alabama 1975. He moved to suppress the marijuana and the drug paraphernalia found in his mobile home because, he argued, it was seized pursuant to an unlawful execution of a search warrant. More particularly, he argued that law enforcement officials failed to comply with Alabama’s “knock-and-announce” statute. § 15-5-9, Code of Alabama 1975. The trial court, in granting this motion, held that there was “not sufficient time between the last knock and the forcible entry.”
Section 15-5-9 provides: “To execute a search warrant, an officer may break open any door or window of a house, any part of a house or anything therein if after notice of his authority and purpose he is refused admittance.”
The following evidence was presented at the suppression hearing: Tony Logan, a member of the Florence Police Department and commander of the special operations team, testified that on October 30, 1992, he, along with fellow officers, Tim Shaddux, Jim Curtiss, Mitch Olive, and Jim Bryant, executed a search warrant on McFall’s residence, a mobile home, located in an isolated and *1334 densely wooded area. Logan testified that Officer Curtiss’s job assignment was to detonate a “distraction device” at the rear of the mobile home. He testified that this detonation was to signal Officer Olive, “the first man on the entry team,” to announce the arrival of law enforcement personnel. Logan testified that Officer Bryant’s job assignment was to then, if necessary, open the door to the mobile home with a battering ram. Logan testified that, as he approached McFall’s mobile home, he saw an individual sitting on the front porch and a large dog was chained in the rear yard. He testified that, after the distraction device was detonated, he heard Officer Olive yell, “Police. Police. Police. Get Down. Get down. Police.” He testified that the individual on the porch complied with that instruction. Logan testified that after Officer Olive announced “Police,” Officer Bryant opened the door with the battering ram.
Officer Olive testified that he participated in the execution of the search warrant on McFall’s mobile home. He testified that as he approached the mobile home, he saw an individual sitting on the front porch. He testified that when he yelled “Police. Get Down,” the individual obeyed. He testified that he knocked on the door five or six times, while announcing “Police, search warrant.” He further testified that, after he found that the door was locked, Officer Bryant opened it with a ram. Officer Olive testified that upon further instruction the occupants of the mobile home, including McFall, lay down.
It is well settled that the “weight and credibility to be attached to the testimony of ... witnesses [at a suppression hearing is] a question for the trial judge.” Kitchens v. State, 445 So.2d 1000, 1002 (Ala.Cr.App. 1984). Additionally, “ ‘[t]he findings of a trial court on a motion to suppress are binding on this court unless they are clearly erroneous.’ ” Harper v. State, 535 So.2d 599, 600 (Ala.Cr.App.1988), quoting Simmons v. State, 428 So.2d 218, 219 (Ala.Cr.App.1983).
This court, in Beshears v. State, 593 So.2d 174, 175 (Ala.Cr.App.1991), quoting Laffitte v. State, 370 So.2d 1108, 1110 (Ala.Cr.App.), cert. denied, 370 So.2d 1111 (Ala.Cr.App.1979) held:
“ ‘ “ ‘Where it appears from facts adduced that an announcement of the officers’ purpose would frustrate a search, increase the personal peril of the executing officers or cause destruction of the evidence sought, there would be no necessity for compliance with the knock and announce rule, for these exceptions constitute “exigent circumstances.” ”” ”
Additionally, in Jackson v. State, 589 So.2d 781, 784 (Ala.Cr.App.1991), this court stated:
“A refusal of admittance need not be express and ‘will oftentimes be present only by implication.’ Laffitte v. State, 370 So.2d 1108, 1110 (Ala.Cr.App.), cert. denied, 370 So.2d 1111 (Ala.1979) (quoting McClure v. United States, 332 F.2d 19, 22 (9th Cir.1964), cert. denied, 380 U.S. 945, 85 S.Ct. 1027, 13 L.Ed.2d 963 (1965)). ‘[I]f the occupants of the dwelling fail to respond within a reasonable time, refusal can be presumed.’ Irwin v. State, 415 So.2d 1181, 1183 (Ala.Cr.App.), cert. denied, 459 U.S. 971, 103 S.Ct. 302, 74 L.Ed.2d 283 (1982). ‘What constitutes a “reasonable time” is necessarily dependent on the particular facts and circumstances of each individual ease.’ Id. This time is ‘necessarily shortened’ where illegal drugs are involved due to the great likelihood of the ‘easy and swift destruction of the evidence.’ Harper v. State, 535 So.2d 599, 600 Ala.Cr.App.1988) (quoting Irwin v. State, 415 So.2d at 1184).”
(Emphasis added.)
In this case, the State presented the un-contradicted testimony of Officer Logan and Officer Olive that law enforcement personnel announced their presence before forcibly entering the mobile home. Moreover, Officer Olive testified that law enforcement personnel also repeatedly knocked on MeFall’s door before the forced entry. Although the State failed to elicit testimony regarding how much time elapsed from the time the officers “knocked and announced” until the point of entry, the facts of this case reveal that law enforcement personnel complied with the provisions of § 15-5-9.
REVERSED AND REMANDED.
All Judges concur, except TAYLOR, J., who dissents with opinion.