Earnest McClain, the appellant, was charged by indictment with the intentional murder of Adolph Reynolds. A jury found him guilty of the lesser included offense of manslaughter. He was sentenced to serve twenty years' imprisonment.
 I.
The appellant contends that the trial court erred in ruling that he had failed to make a prima facie showing that the State's use of peremptory strikes to remove black members of the jury venire was racially motivated in violation ofBatson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69
(1986). Both the appellant and the victim are black males.
Initially there were 55 veniremembers. Ten of these veniremembers were black. One black veniremember was removed for cause. The jury thus was struck from a venire of 54 people, 9 (17%) of whom were black, and 45 (83%) of whom were white. The State used 8 of its 21 peremptory challenges (38%) to strike 8 of the 9 blacks on the jury venire. The defendant used all of its 21 peremptory strikes against white veniremembers. One black served on the jury; thus, about .08% of the jury was black.
The following transpired at the appellant's trial:
 "MR. BURNEY [defense counsel]: Judge, I would like to make a Batson challenge to the State striking all of the blacks off the jury except one.
 "THE COURT: Well, that was one of the things I asked you before we impaneled the jury.
 "MR. LITTRELL [district attorney]: Judge, I don't think there is a prima facie Batson case there. There is — the Court heard the voir dire on these folks and there was —
 "THE COURT: We'll take that up in just a minute. . . .
". . . .
 "THE COURT: All right, I am ready to hear the objection to the jury. All right, Mr. Burney.
 "MR. BURNEY: I just formally want to make my objection under the Batson Rule on the ground that there was eight or nine blacks on the jury venire, and that the State, with the exception of one that the Court granted the challenge for cause, has removed all of the blacks except D.W., number forty-nine. I, you know, I just want to make it for the sake of the record.
"THE COURT: All right.
 "MR. LITTRELL: As I said, the Court heard the voir dire and I think that the Court can consider what the voir dire was in this case. Also, the Court knows and has watched this office, the District Attorney for the 36th Judicial Circuit, in its striking of criminal juries and we would submit that there is no history or practice of discrimination on the part of that office. We would further submit, Judge, that based on the voir dire in this case, I don't think the Defendant has made out a prima facie case of the Batson violation.
 "THE COURT: I did have a question relative to that. I don't know if there were responses as to number twenty-nine, I was just looking back over my notes. There may have been, I just can't remember.
 "MR. LITTRELL: Judge, I would just point out that there is no prima facie case here.
 "THE COURT: I am not asking for a response necessarily. All right. Just one moment, gentlemen. All right, anything else on that motion?
"MR. BURNEY: That's all we have.
"THE COURT: I will deny the motion.
 The Court is familiar with the matters that have been set forth in Ex parte Branch, matters to consider as to whether or not there has been a prima facie case, and I don't believe there has been. All right, are you gentlemen ready to impanel? *Page 163 
"MR. BURNEY: We except." R. 123-25.
The appellant argues that the fact that the State used 8 of 21 peremptory strikes to remove 8 of the 9 black veniremembers was sufficient to constitute a prima facie showing of racial discrimination by the State. This Court is bound by the holdings of the Alabama Supreme Court. Ala. Code 1975, §12-3-16. Recently, that Court reaffirmed its holding that "a defendant can establish a prima facie case solely on the fact that a prosecutor used a large number of his peremptory challenges to strike black veniremembers. See Ex parteWilliams, 571 So.2d 987, 990 (Ala. 1990)." Ex parte Thomas,659 So.2d 3, 5 n. 1 (Ala. 1994) ("disapproving [its prior holding] that '[w]hen the evidence shows only that blacks were struck and that a greater percentage of blacks sat on the jury than sat on the lawfully established venire, an inference of discrimination has not been created.' "). A defendant may establish a prima facie case of racial discrimination on the part of the prosecutor in the use of peremptory challenges by proof that the prosecutor engaged in a "pattern of discriminatory strikes." Thomas, 659 So.2d at 7; accord Exparte Branch, 526 So.2d 609, 622 (Ala. 1987).
Therefore, this cause is remanded to the trial court with directions that the trial judge conduct a hearing to determine whether the appellant established a prima facie case of racial discrimination under Batson v. Kentucky, 476 U.S. 79,106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), and Ex parte Branch, 526 So.2d 609
(Ala. 1987), in light of the Alabama Supreme Court's holding inEx parte Thomas. If the trial court determines that the defense has established a prima facie case, the court shall require the State to give its reasons for its strikes of black veniremembers and proceed as outlined in Branch. If the trial court determines that the appellant has failed to establish a prima facie case, it shall set forth, in its written finding of facts and conclusions of law the specific reasons for that determination. On remand, the trial court is authorized to grant the appellant the relief, if any, to which he may be entitled. The trial court shall comply with these instructions and make a return to this Court within 60 days of the date of this opinion.
 II.
We find no merit to the appellant's contention that the trial court committed reversible error by permitting the introduction of irrelevant, immaterial, and prejudicial evidence.
The appellant was charged with "intentionally caus[ing] the death of another person . . . by shooting him with a pistol in violation of Section 13A-6-2 of the Code of Alabama." C.R.24. The appellant argues that the State surprised the defense by attempting to prove that the appellant had murdered the victim in order to rob the victim of the proceeds of his recently cashed income tax refund check. The State presented a "surprise" witness, Samuel Martin. Mr. Martin was the general manager at the Sears department store and testified that the victim had cashed this check, in the amount of $2,120, at Sears, on February 1, 1993, six days before the incident on February 7, 1993. The appellant argues that this evidence was irrelevant, immaterial, and very prejudicial. The prosecution replied that this evidence was presented to show the appellant's motive to commit an intentional murder.
We find no error in the admission of this motive evidence.
 "On the issue of whether a person did a specified act, or whether a specified act assumed as having been done by him was done intentionally or accidentally, evidence of a motive in him to do or not to do such act is admissible."
 "It generally is stated that the trial court is given wide latitude in the search for motive. Proof of a person's motive to do an act is admissible even though such proof is weak and inconclusive. The fact offered as tending to show motive need not be of such quality as that it might be deemed sufficient to induce a just and honest man to do the wrongful act charged." *Page 164 
 "The fact that a happening which tends to show a motive in a person to do an act occurred a long time prior to such act does not necessarily render evidence of such happening inadmissible. It generally is held that the lapse of time goes to the weight of the evidence rather than to its admissibility."
 "[I]n the trial of a person charged with murder, in which the state contends that the accused's motive was the acquisition of money or property possessed or owned by the deceased, the state may prove the deceased's prior possession or ownership of such money or property as tending to show motive in the accused even though there is no evidence whatever indicating that the accused, prior to the alleged murder, knew or had reason to believe that the deceased possessed or owned any property or money."
Gamble, McElroy's Alabama Evidence, § 45.01(1), (3), (4), and (5) (4th ed. 1991) (footnotes omitted).
This cause is remanded with directions as provided in Part I of this opinion.
REMANDED WITH DIRECTIONS.
All Judges concur.