650 So.2d 966 (1994)
Ex parte State of Alabama.
(Re Herbert MOORE, David Jones, and Robbie Moore
v.
STATE).
1931277.
Supreme Court of Alabama.
October 28, 1994.
James H. Evans, Atty. Gen., and Tracy M. Daniel, Deputy Atty. Gen., for petitioner.
David S. Luker and G. Gregory White, Birmingham, for respondent.
SHORES, Justice.
WRIT DENIED.
HORNSBY, C.J., and ALMON, HOUSTON, STEAGALL, INGRAM and COOK, JJ., concur.
MADDOX, J., dissents.
MADDOX, Justice (dissenting).
I would grant the writ in this case to review the holding by the Court of Criminal Appeals that the search in this case was illegal. The facts of this case are very similar to those in State v. McFall, [Ms. CR-92-1333, March 25,1994] ___ So.2d ___ (Ala.Cr. App.1994), in which officers were executing a search warrant for illegal drugs and used a ram to gain entry. In McFall, the State appealed from the trial court's order granting McFall's motion to suppress. The Court of Criminal Appeals reversed.
In McFall, the defendant was charged with possession of a controlled substance, in violation of § 13A-12-212, Ala.Code 1975. He moved to suppress the marijuana and the drug paraphernalia found in his mobile home because, he argued, it was seized pursuant to an unlawful execution of a search warrant. Moore particularly argued that law enforcement officials had failed to comply with Alabama's "knock and announce" statute. § 15-5-9, Ala.Code 1975. The trial court in granting this motion to suppress, held that there was "not sufficient time between the last knock and the forcible entry."
Section 15-5-9 provides: "To execute a search warrant, an officer may break open any door or window of a house, any part of a house or anything therein if after notice of his authority and purpose he is refused admittance."
In McFall, after setting out the evidence surrounding the search, the court held:
"It is well settled that the weight and credibility to be attached to the testimony of ... witnesses [at a suppression hearing is] a question for the trial judge.' Kitchens v. State, 445 So.2d 1000, 1002 (Ala.Cr. App.1984). Additionally, `"[t]he findings of a trial court on a motion to suppress are binding on this court unless they are clearly *967 erroneous."` Harper v. State, 535 So.2d 599, 600 (Ala.Cr.App.1988), quoting Simmons v. State, 428 So.2d 218, 219 (Ala.Cr. App.1983).
"This court, in Beshears v. State, 593 So.2d 174, 175 (Ala.Cr.App.1991), quoting Laffitte v. State, 370 So.2d 1108, 1110 (Ala. Cr.App.), cert. denied, 370 So.2d 1111 (Ala. Cr.App.1979), held:
`"`"Where it appears from facts adduced that an announcement of the officers' purpose would frustrate a search, increase the personal peril of the executing officers or cause destruction of the evidence sought, there would be no necessity for compliance with the knock and announce rule, for these exceptions constitute `exigent circumstances.'" ""
Additionally, in Jackson v. State, 589 So.2d 781 (Ala.Cr.App.1991), this court stated:
"`A refusal of admittance need not be express and "will oftentimes be present only by implication." Laffitte v. State, 370 So.2d 1108, 1110 (Ala.Cr.App.), cert. denied, 370 So.2d 1111 (Ala.1979) (quoting McClure v. United States, 332 F.2d 19, 22 (9th Cir.1964), cert. denied, 380 U.S. 945, 85 S.Ct. 1027, 13 L.Ed.2d 963 (1965)). "If the occupants of the dwelling fail to respond within a reasonable time, refusal can be presumed." Irwin v. State, 415 So.2d 1181, 1183 (Ala.Cr.App.), cert. denied, 459 U.S. 971, 103 S.Ct. 302, 74 L.Ed.2d 283 (1982). "What constitutes a `reasonable time' is necessarily dependent on the particular facts and circumstances of each individual case." Id. This time is "necessarily shortened" where illegal drugs are involved due to the great likelihood of the "easy and swift destruction of the evidence." Harper v. State, 535 So.2d 599, 600 (Ala.Cr.App.1988) (quoting Irwin v. State, 415 So.2d at 1184).'"
589 So.2d at 781-85. The McFall court concluded that "[a]lthough the State failed to elicit testimony regarding how much time elapsed from the time the officers `knocked and announced' until the point of entry, the facts of this case reveal that law enforcement personnel complied with the provisions of § 15-5-9." ___ So.2d at___.
I would grant the writ and review the evidence to determine whether the law enforcement officer complied with the provisions of § 15-5-9; after that review I might conclude that the Court of Criminal Appeals correctly decided the issue. There are a substantial number of cases annotated by the Michie editors under § 15-5-9 in which there has been a question regarding compliance with the statute, and involving factual settings that do not seem substantially different from this one, where the search was upheld.