The appellant, Antoine Drake, was convicted of trafficking in cocaine and possession of cocaine without the appropriate tax stamps, violations of § 13A-12-231(2)(a) and § 40-17A-1 through 16, respectively, Code of Alabama 1975. The appellant was sentenced to 20 years' imprisonment for trafficking and 5 years' imprisonment for failing to affix tax stamps; both sentences were to run concurrently.
 I.
The appellant claims that the trial court erred in denying his motion alleging that the state used its peremptory challenges in a racially discriminatory manner in violation ofBatson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69
(1986). The record reveals that the following occurred after the jury was struck:
 "Mr. Faile [defense counsel]: Judge, at this time, we offer to the Court, first of all for the record, the Defendant is a black male. The record would reflect that the State had 12 strikes and nine of those *Page 878 
strikes were black strikes. We submit to the Court that that's prima facie evidence that that's in violation of the Batson case.
"The Court: What's the makeup of the jury?
 "Mr. Henry [district attorney]: State's response is that the jury is going to be composed of 55 percent black in a county where the ratio, I think, is roughly equal. And that no prima facie showing of discriminatory pattern has been shown.
 "The Court: How was — what was his strikes? You said nine of 12?
"Mr. Faile: Yes, sir.
 "The Court: Anything else you want to put on the record in support of your motion?
"Mr. Faile: No, sir.
 "The Court: I'll rule you have not made a prima facie case."
(R. 37-38).
The appellant argues that the state's use of nine of its 12 peremptory challenges to remove blacks from the jury established a prima facie case of discrimination. The state, in its brief on appeal, contends that because the racial composition of the jury was roughly equal to the racial composition of Dallas County, the State's use of nine of 12 strikes to remove blacks was not enough to establish a prima facie case.
The Alabama Supreme Court has expressly disapproved of the following dicta in Harrell v. State, 571 So.2d 1270, 1271 (Ala. 1990) cert. denied, 499 U.S. 984, 111 S.Ct. 1641,113 L.Ed.2d 736 (1991): "[w]hen the evidence shows only that blacks were struck and that a greater percentage of blacks sat on the jury than sat on the lawfully established venire, an inference of discrimination has not been created." Ex parte Thomas,659 So.2d 3, 5 (Ala. 1994). Therefore, evidence that a greater percentage of blacks sat on the jury than were on the venire does not relieve the trial court from determining whether the defendant has established a prima facie case of racial discrimination. The Alabama Supreme Court continued in Ex parteThomas, 659 So.2d at 7:
 " ' "[A] prima facie case may be made where relevant circumstances indicate an inference of purposeful race discrimination no matter that one or more black persons may remain on the jury." United States v. Wilson, 884 F.2d 1121, 1123 (8th Cir. 1989). "The striking of one venireperson for a racial reason violate[s] the Equal Protection Clause, even when valid reasons for striking some black jurors are shown." Williams v. State, 548 So.2d 501, 507
(Ala.Crim.App. 1988), cert. denied, 489 U.S. 1028
[109 S.Ct. 1159, 103 L.Ed.2d 218] . . . (1989). "Of course, the fact that blacks are ultimately seated on the jury does not necessarily bar a finding of discrimination under Batson [,] see [United States v.] Battle, 836 F.2d [1084] [at] 1086 [(8th Cir. 1987)], but the fact may be taken into account in a review of all the circumstances as one suggests that the government did not seek to rid the jury of persons who shared the defendant's race." United States v. Young-Bey, 893 F.2d 178, 180 (8th Cir. 1990).'
 "Mitchell v. State, 579 So.2d 45, 48
(Ala.Crim.App. 1991), cert. denied, 596 So.2d 954 (Ala. 1992)."
In McClain v. State, 659 So.2d 161 (Ala.Crim.App. 1994), the state used 8 of 21 peremptory challenges to strike blacks from the jury. This Court remanded that case, holding that the state, in light of the Alabama Supreme Court's holding in Exparte Thomas, had violated Batson and Ex parte Branch,526 So.2d 609 (Ala. 1987). In McClain, 659 So.2d at 163, we wrote:
 " '[A] defendant can establish a prima facie case solely on the fact that a prosecutor used a large number of his peremptory challenges to strike black veniremembers. See Ex parte Williams, 571 So.2d 987, 990 (Ala. 1990).' . . . A defendant may establish a prima facie case of racial discrimination on the part of the prosecutor in the use of peremptory challenges by proof that the prosecutor engaged in a 'pattern of discriminatory strikes.' Thomas, 659 So.2d at 7; accord Ex parte Branch, 526 So.2d 609, 622 (Ala. 1987)."
Therefore, this cause is remanded with directions that the trial court conduct a *Page 879 
hearing to determine whether the appellant established a prima facie case of racial discrimination under Batson and Ex parteBranch, in light of the holding in Ex parte Thomas. If the trial court determines that the appellant has established a prima facie case, it shall require the state to give the reasons for its peremptory challenges of black veniremembers and proceed as outlined in Branch. If the trial court determines that the appellant has failed to establish a prima facie case, it shall set forth the specific reasons for that determination in its written finding of fact and shall include in its return to this Court a transcript of the proceeding. On remand, the trial court is authorized to grant the appellant the relief, if any, to which he is entitled. Return shall be made to this Court within 56 days of the date of this opinion.
 II.
The appellant contends that the trial court erred in denying his motion to suppress evidence seized as the result of the execution of a search warrant. The appellant argues that the affidavit upon which the search warrant was based did not provide probable cause for the issuance of the search warrant to search # 10 Les Chateaux Apartments.
The state initially asserts that the appellant lacked standing to challenge the validity of the search warrant. (Appellee's brief, pp. 13-17). However, because the state did not raise the issue of standing at trial, it is waived.Smiley v. State, 606 So.2d 213, 214, n. 1 (Ala.Crim.App. 1992); Maxwell v. State, 587 So.2d 436, 438
(Ala.Crim.App. 1991) cert. denied, 587 So.2d 440 (Ala. 1991); Cook v.State, 574 So.2d 905, 908 (Ala.Crim.App. 1990).
The affidavit in question provides as grounds for the issuance of a search warrant the following:
 "On this date, a reliable confidential informer, one who has proven reliable on more than one prior occasion, told me they witnessed 3 B/Ms leave listed location, get into a small blue car 
deliver an unknown amount of crack cocaine to a subject, name unknown, at the Big Bear Parking lot.
 This informer said the car was a blue Pontiac LeMans tag # 27CN668. This informant stated the subject in the parking lot used the telephone to page the subjects at Beeper # 418-7105 in order to have the crack cocaine delivered. This informer stated they witnessed this activity within the past 12 hours."
(C. 4-5, Supp. Record.)
 " ' " 'For a search warrant to be sufficient and satisfy the constitutional requirement of probable cause, the affidavit upon which it is based must state specific facts and circumstances which support a finding of probable cause.' Carter v. State, 405 So.2d 957, 959 (Ala.Cr.App.), cert. denied, 405 So.2d 962
(Ala. 1981)." Callahan v. State, 557 So.2d 1292, 1304 (Ala.Cr.App.), affirmed, 557 So.2d 1311
(Ala. 1989), cert. denied, 498 U.S. 881, 111 S.Ct. 216 [112 L.Ed.2d 176] (1990). "Probable cause to search a residence exists when 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.' Illinois v. Gates, 462 U.S. [213], 103 S.Ct. [2317] at 2332, 76 L.Ed.2d 527 (1983)." United States v. Jenkins, 901 F.2d 1075, 1080 (11th Cir.), cert. denied, 498 U.S. 901, 111 S.Ct. 259
[112 L.Ed.2d 216] (1990). . . . [T]here is no requirement of a "showing that such a belief be correct or more likely true than false. A 'practical, nontechnical' probability that incriminating evidence is involved is all that is required." Texas v. Brown, 460 U.S. [730] at 742, 103 S.Ct. [1535] at 1543, [75 L.Ed.2d 502
(1983)]. Additionally, "where a magistrate has found probable cause, the courts should not invalidate the warrant by interpreting the affidavit in a hypertechnical rather than a common sense manner, and should resolve doubtful or marginal cases according to the preference to be accorded to warrants." Maddox v. State, 502 So.2d 779, 785 (Ala.Cr.App. 1985), affirmed in part, remanded on other grounds, 502 So.2d 786
(Ala.), cert. denied, 479 U.S. 932
[107 S.Ct. 404, 93 L.Ed.2d 357] (1986).' *Page 880 
 "See also, Witcher v. State, [629] So.2d [71] (Ala.Cr.App. 1993)."
Moore v. State, 650 So.2d 958, 965 (Ala.Crim.App. 1994) cert. denied, 650 So.2d 966 (Ala. 1994).
The record shows that the judge issuing the search warrant relied entirely on the affidavit; the officer presenting the affidavit did not supplement its contents orally. (R. 56). This affidavit was based on information from a confidential informant who had given reliable information on a number of previous occasions. The text of the affidavit gave the issuing judge "a fair probability that contraband or evidence of a crime will be found in a particular place," specifically, # 10 Les Chateaux Apartments. Moore v. State, 650 So.2d at 965;Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527
(1983).
 "An issuing judge's determination that sufficient probable cause existed to support the warrant is 'entitled to great deference and is conclusive in the absence of arbitrariness.' United States v. Pike, 523 F.2d 734 (5th Cir. 1975), reh'g denied, 525 F.2d 1407, cert. denied, 426 U.S. 906, 96 S.Ct. 2226, 48 L.Ed.2d 830 (1976)."
Wamble v. State, 593 So.2d 109, 110 (Ala.Crim.App. 1991).
The trial court did not err in denying the appellant's motion to suppress the evidence seized as a result of this search warrant.
This cause is remanded with directions as provided in Part I of this opinion.
REMANDED WITH DIRECTIONS.*
All the Judges concur.
* On September 8, 1995, on return to remand, the Court of Criminal Appeals affirmed, without opinion.