ON RETURN TO REMAND
On original submission, this Court found that the petition for post-conviction relief had been timely filed and remanded this cause with instructions that the merits of the appellant's allegations of ineffective assistance of counsel be addressed.621 So.2d 373.
The record on return to remand consists of five volumes. After an evidentiary hearing, the circuit court, with commendable thoroughness, reviewed the merits of the appellant's allegations and concluded that neither trial nor appellate counsel was ineffective. We agree with the circuit court's findings of fact and conclusions of law presented in its written opinion of July 6, 1994. Remand C.R. 312-20. That order is attached as an appendix to this opinion.
The judgment of the circuit court denying the petition for post-conviction relief is affirmed.
OPINION EXTENDED; AFFIRMED.
TAYLOR, PATTERSON and McMILLAN, JJ., concur.
MONTIEL, J., recuses himself.
APPENDIX
IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA
William Warren Holland, Petitioner,
vs.
State of Alabama, Respondent.
CC 88-1103
 ORDER
This matter coming before the Court on Petition For Relief From Conviction or Sentence pursuant to Rule 32, A.R.Cr.P., the State's response thereto, and having been heard in an evidentiary hearing held on October 29, 1993, and February 14, 1994, in open Court with the Petitioner, by voluntary and knowing choice, representing himself, pro se, and the State, being represented by its attorneys, it is ORDERED, ADJUDGED and DECREED as follows:
 BACKGROUND
The petition was originally summarily dismissed for failure to comply with the statute of limitations under Rule 32.2(c), A.R.Cr.P. Petitioner appealed the dismissal and said dismissal was reversed with the cause remanded for further action pursuant to instructions issued by the Alabama Court of Criminal Appeals. The allegations were heard in open court during an evidentiary hearing held on October 29, 1993, and February 14, 1994. The Petitioner voluntarily and knowingly chose to represent himself, pro se, during said hearings even though this Court offered the assistance of legal counsel to him. The State was represented by its attorneys. The transcript of this hearing consists of two (2) volumes, totalling in excess of 450 pages of transcribed testimony from the various parties and witnesses. The transcript was completed on June 29, 1994, and this Court has awaited the completion of the transcript for review in entering this order. *Page 79 
 THE ALLEGATIONS
Petitioner alleges ineffective assistance of counsel at both the trial and appellate level. It is obvious that Petitioner is and was not pleased with the outcome of both his trial and appeal, Petitioner having been convicted of pharmacy robbery and sentenced to life without parole. His conviction and sentence were affirmed on appeal.
He raises the following claims as to his trial counsel:
(1) Petitioner believes he was seen in handcuffs by a number of potential jurors while awaiting the commencement of his trial. He claims that trial counsel, upon discovering the situation, failed to take appropriate steps to ensure the seating of a fair and impartial jury for Petitioner's trial. In support of this claim, he alleges that trial counsel failed to request that potential jurors be polled to determine whether they had, in fact, seen the Petitioner in handcuffs, [and] that trial counsel failed to request a curative instruction and failed to object to the curative instruction as given by the court;
(2) Petitioner believes that trial counsel's pre-trial investigation of the facts and circumstances of the case was deficient. In support of this claim, he alleges that trial counsel did not interview, prior to trial, the two (2) eyewitnesses (victims) of the robbery with which the Petitioner was charged. He further alleges that trial counsel was unaware of an alleged ten (10) day delay between a photographic identification by one of the eyewitnesses on January 12, 1988, and the issuance of an arrest warrant against the defendant on this charge on January 22, 1988. The Court notes from the record that defendant was arrested and placed in jail on January 13, 1988, on several unrelated charges, including an unrelated pharmacy robbery, trafficking in marijuana and possession of diazepam;
(3) Petitioner believes he received ineffective assistance because trial counsel did not obtain the assistance of an expert witness regarding eyewitness testimony, did not object to the form of a number of questions asked by the prosecutor, which Petitioner believes "bolstered" the testimony of the two (2) eyewitnesses, and did not request that both opening and closing arguments of counsel be transcribed for purposes of the record; and
(4) Petitioner believes he received ineffective assistance because trial counsel allowed the photospread used in the pre-trial identification of Petitioner to be introduced into evidence. He further believes the actual photograph of him used in the photospread was seized from him in violation of his Fourth Amendment rights in that said photograph was taken pursuant to a previous unrelated arrest with the underlying charge of said arrest being subsequently no-billed by the Mobile County Grand Jury. The unrelated arrest occurred approximately two (2) weeks after the pharmacy robbery forming the basis of the instant case. Petitioner further claims that trial counsel should have objected to the introduction into evidence of the actual mugshot of Petitioner because of the date block shown on the photograph.
Petitioner believes he received ineffective assistance of appellate counsel. In support of this claim, he alleges that appellate counsel failed, on appeal, to address the foregoing alleged errors of trial counsel.
 LEGAL STANDARD
In Ex Parte Womack, 541 So.2d 47, 66-67 (Ala. 1988), the Alabama Supreme Court discussed at great length the standard set forth in Strickland v. Washington, 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), regarding effective assistance of counsel:
 "In Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court enunciated the proper standard for determining whether the Sixth Amendment right to effective assistance of counsel has been violated. The Court explained that the defendant must prove both parts of the following test:
 " 'First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient *Page 80 
performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'
 "The first prong of the Strickland test is that 'the defendant must show that counsel's representation fell below an objective standard of reasonableness.' 466 U.S. at 688, 104 S.Ct. at 2064. The court explained that this prong of the test does not impose specific guidelines but rather implies fulfillment of the basic duties of the attorney, to assist the client and to be a loyal advocate of the client's position. Likewise, the Supreme Court explained that an attorney has a duty to 'bring to bear such skill and knowledge as will render the trial a reliable adversarial testing process.' 466 U.S. at 688, 104 S.Ct. at 2065, citing Powell v. Alabama, 287 U.S. [45] at 68, 53 S.Ct. [55] at 63 [77 L.Ed. 158 (1932)]. 'Moreover, the purpose of the effective assistance guarantee of the Sixth Amendment is not to improve the quality of legal representation, although that is a goal of considerable importance to the legal system. The purpose is simply to ensure that criminal defendants receive a fair trial.' 466 U.S. at 689, 104 S.Ct. at 2065.
 "The Court went on to explain that judicial scrutiny of counsel's performance must be highly deferential, avoiding the lure of 20/20 hindsight, and must adopt counsel's perspective at the time of trial. '[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.' 466 U.S. at 689, 104 S.Ct. at 2065. Because of the diverse methodologies employed by defense counsel and the broad range of opinion about how to best address a particular situation, the burden is upon the defendant to overcome the presumption that the challenged action constitutes 'sound trial strategy.' Michel v. Louisiana, 350 U.S. 91, 101, 76 S.Ct. 158, 164, 100 L.Ed. 83
(1955). The court must determine whether,
 " 'in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. In making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case. At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'
 Strickland, 466 U.S. at 690, 104 S.Ct. at 2066." (Emphasis added.)
The second prong of the Strickland test, as noted by the Court in Ex parte Womack, is whether there existed a reasonable probability that counsel's deficient performance prejudiced the defendant. This requires a showing that, but for counsel's ineffective assistance, the result of the proceeding would have been different. Id. See also, Ex parte Baldwin, 456 So.2d 129,134 (Ala. 1984).
A defendant must make both showings for the claim of ineffective assistance to be successful. See Williams v. State,480 So.2d 1265 (Ala.Crim.App. 1985). Furthermore, the Court is not required to address both considerations of Strickland if a defendant makes an insufficient showing of one of the prongs.Thomas v. State, 511 So.2d 248 (Ala.Crim.App. 1987).
As to Petitioner's first claim ("handcuff claim"), under the law of this State. "It is not ground for a mistrial that the accused appeared before the jury in handcuffs when this appearance was only a part of going to and from the courtroom."Cushing v. State, 455 So.2d 119, 121 (Ala.Cr.App. 1984); Justov. State, 568 So.2d 312 (Ala.Cr.App. 1990); Stewart v. State,601 So.2d 491 (Ala.Cr.App. 1992), and cases cited.
Petitioner claims that when he was brought to the courtroom by Bailiff Smith, he was in handcuffs. Petitioner sat at counsel table in handcuffs for a short period of time. He claims to have been in full view of a number of potential jurors. When his trial attorney entered the courtroom he instructed Bailiff Smith to immediately remove the *Page 81 
handcuffs and Bailiff Smith did so. The matter was brought to the attention of the trial judge and at some point prior to the commencement of trial the trial attorney moved to dismiss the jury panel. The motion was denied. The trial judge asked trial counsel whether he wanted a curative instruction. Trial counsel delayed the decision but later, did request a curative instruction, which was given. Trial counsel believed the curative instruction, as given by the Court, was neutral and did not prejudice the Petitioner. He did not object to the instruction. Nor did he request that all jurors be polled because he did not want to draw attention to the handcuffs in light of the Court's having denied his motion to dismiss the panel.
Appellate counsel did not raise the issue on appeal because she felt it had no merit. This Court agrees. There is no merit to the claim of ineffective assistance of either trial or appellate counsel regarding the handcuff incident. The matter was brought to the attention of the trial judge and ruled upon. A curative instruction was given. While trial counsel may not have been as elaborate as Petitioner desired and while the instruction, as given, may not have been worded precisely the way Petitioner (in hindsight) wished, there was no ineffective assistance of counsel.
As to Petitioner's second claim (lack of pre-trial investigation), during the course of this hearing numerous excerpts of the trial record were placed in this record by Petitioner. It is clear to this Court the sole issue at Petitioner's trial was the identity of the person who robbed the pharmacy. The two eyewitnesses were also the victims of the robbery. Petitioner claims that trial counsel did not interview these witnesses prior to trial. Trial counsel testified that given the lapse in time between Petitioner's trial and this hearing and the hundreds of cases he has handled both before and since Petitioner's trial, he did not remember whether he did or not. However, it is apparent to this Court that trial counsel was fully cognizant of the facts surrounding the charge and valiantly attempted through thorough and sifting cross-examination to discredit the identification testimony of the eyewitnesses. He was unsuccessful. Whether trial counsel arrived at his knowledge of the case through interviewing the witnesses or reviewing material provided through discovery, his trial preparation did not, in the opinion of this Court, violate the Strickland standard. Petitioner further claims that counsel was not aware of an alleged ten- (10-) day delay between a photographic identification of Petitioner and the issuance of an arrest warrant for Petitioner regarding this pharmacy robbery. Petitioner was in jail on other charges during the ten-day period. Counsel testified that had he known of the delay, it might have been helpful in cross-examination. This Court is not prepared to hold that failure to note such a delay under these circumstances (where a police officer, knowing Petitioner was in jail, may simply have taken his time in obtaining and executing the arrest warrant in this case) constitutes ineffective assistance.
Appellate counsel felt the issue had no merit. This Court agrees. There was no ineffective assistance of counsel.
Petitioner's third claim is without merit. Under the laws of this state, he was not entitled to an expert on eyewitness identification. Nor was he entitled to have the opening and closing statements transcribed for purposes of the record. Finally, this Court will not hold that failure to object to the form of a question constitutes ineffective assistance when counsel may be simply trying to establish a certain rapport with the jury.
As to Petitioner's fourth claim ("mugshot claim"), a photograph of Petitioner bearing a dateboard was introduced into evidence without objection along with similar photographs of others used in the out-of-court identification of Petitioner by the two eyewitnesses. The date on the photograph was approximately two weeks following the date of the pharmacy robbery. Petitioner claims the photograph resulted from an unrelated theft arrest. The theft case, at some point unknown to the court, was ultimately no-billed by the Mobile County Grand Jury. Petitioner argues that because the theft case was no-billed, the photograph was initially unlawfully seized from him in violation of his rights against unlawful search and seizure *Page 82 
and trial counsel should have objected to it on that basis. That claim is clearly without merit. There is no evidence before this Court that Petitioner's unrelated theft arrest was in any way unlawful.
Petitioner further claims that counsel should have objected to the introduction of the photograph because, Petitioner claims, it is revealed to the jury that Petitioner had been arrested on a previous occasion prior to his actual arrest for this pharmacy robbery.
This Court is aware of the recent ruling by the Alabama Supreme Court in Long v. State, 600 So.2d 982 (Ala. 1992). While mug shots are generally inadmissible in a criminal trial because the jury may infer the defendant has a criminal history, under certain circumstances, admitting a mug shot into evidence does not constitute reversible error. Long, at 989. The Supreme Court has adopted the three prerequisites established in United States v. Harrington, 490 F.2d 487 (2d Cir. 1973):
 1. The government must have a demonstrable need to introduce the photographs, and
 2. The photographs themselves, if shown to the jury, must not imply the defendant has a prior criminal record, and
 3. The manner of introduction at trial must be such that it does not draw particular attention to the source or implications of the photograph.
While these three inquiries are appropriate criteria to consider, the failure to meet one or more of these criteria does not necessarily result in reversible error. Long, at 989.
It is clear to this Court the first prong of theHarrington criteria was met. The identification of the Petitioner as the robber was the sole issue during the course of his trial. In short, there was a demonstrable need for the State to introduce the photograph. The Court further notes the photograph, a frontal view of Petitioner, with date block, etc., was a polaroid print as were the other similar photographs of others also introduced as part of the full photospread. It is significant to this Court that the date appearing on the photograph was approximately two weeks after
the actual robbery. Further, because no objection was made, it is difficult for this Court to see how the manner of introduction at trial drew particular attention to the source or implications of the photograph. Finally, it is difficult for this Court to see how any attempted "doctoring" of these photographs could have been accomplished without heightening, rather than diminishing, their significance to the jury.
The Court believes that because identity was the sole contested issue at trial, therefore giving the photograph probative value, the admission of the photograph into evidence, even had the Petitioner's trial counsel objected, would not have been reversible error. Long, 600 So.2d at 991; Williams v.State, 546 So.2d 705 (Ala.Cr.App. 1989). It follows that his failure to object, under these circumstances (and assumingarguendo that counsel did not desire the introduction of the photograph into evidence for use during cross-examination) did not constitute in effective assistance.
Appellate counsel, who thoroughly reviewed the trial record, believed this issue to have no merit. The Court agrees.
As to Petitioner's claim that appellate counsel provided ineffective assistance on appeal, this Court notes that after determining the above issues to be nonmeritorious, appellate counsel focused the appeal on the issue of the constitutionality of the pharmacy robbery act. Petitioner candidly admits he felt the issue was a good one and that appellate counsel's brief was well done regarding that issue. However, he feels the above issues could have served to 'spice up' the appeal and could have increased the chances of winning. This Court is not inclined to engage in speculation and conjecture and notes that each of the adverse rulings to Petitioner were listed in the brief submitted on his behalf for review by the Alabama Court of Criminal Appeals had that Court been so inclined.
Finally, this Court further notes that Petitioner was represented both at trial and on appeal by experienced counsel. Having failed to meet either prong of the Strickland standard, the Petition for Relief from Conviction *Page 83 
or Sentence pursuant to Rule 32, Ala.R.Cr.Pro., is hereby DENIED.
Dated this the 6th day of July, 1994.
 /s/ R.E.L. Key ---------- Circuit Judge