The appellant was convicted of first-degree robbery, §13A-8-41, Ala. Code 1975; reckless endangerment, § 13A-6-24, Ala. Code 1975; and attempting to elude police officers, § 32-5A-193, Ala. Code 1975. The trial court sentenced him to serve 20 years in the state penitentiary on the robbery conviction, to 12 months in the Lauderdale County Detention Center on the reckless endangerment conviction, and to 12 months in the Lauderdale County Detention Center on the attempting to elude police officers conviction. The trial court ordered that he serve all the sentences concurrently. The appellant filed a motion for a new trial, which the trial court summarily denied. This appeal followed.
 I.
First, the appellant argues that the trial court erred in denying his motions to quash the jury venire. Before the voir dire examination, the appellant moved to quash the jury venire because the State had brought numerous guns and boxes of ammunition into the courtroom while the jury venire was present.[1] According to the appellant, these items were irrelevant and their presence in the courtroom served only to inflame the jury because he was never charged with possession of the items. The appellant renewed his motion to quash the jury venire prior to striking the jury.
 "`A challenge to the array or a motion to quash or strike the venire will not be sustained unless it is alleged and proved that the whole venire is tainted with prejudice. Nickerson v. State, 283 Ala. 387, 217 So.2d 536
(1969); Junior v. State, 47 Ala. App. 518, 257 So.2d 844, cert. denied, 288 Ala. 744, 257 So.2d 852, cert. denied, 407 U.S. 923, 92 S.Ct. 2473, 32 L.Ed.2d 810 (1971); Lane v. State, 40 Ala. App. 174, 109 So.2d 758 (1959); Burton v. State, 194 Ala. 2, 69 So. 913
(1915).'"
Huff v. State, 596 So.2d 16, 22 (Ala.Cr.App. 1991) (quoting Cole v. State, 352 So.2d 17, 19 (Ala.Cr.App.), cert. denied,352 So.2d 20 (Ala. 1977)). Although the appellant alleged that the display of weapons "poisoned the entire venire," he has not proved the entire venire was tainted with prejudice. During voir dire, several potential jurors stated that they either had pistol permits, owned pistols, or carried pistols for their personal protection. Three of these potential jurors served on the jury. Furthermore, another potential juror, who eventually served on the jury, stated that he was a member of the National Rifle Association. Finally, defense counsel asked the following questions during voir dire:
 "Is there anyone on the jury venire that thinks it's against the law to carry or to have weapons like shotguns or rifles, just carrying them in the backseat of your car, that automatically that's against the law, or you shouldn't do that? Hunting weapons?
 "Would the fact if any evidence in this case shows that the defendant had some guns in his car, even a muzzle loader, for you people that know something about guns, a muzzle loader shotgun, rifles, would you draw any inference from that?
 "If the evidence shows that they weren't used in this case, or anything, anybody hold that against the defendant or think that's against the law, or he must be up to something or up to [no] good, as they say?
 "If the evidence shows that he just had these in the backseat of his car, along with ammunition like shotgun shells, birdshot, and so forth like that? Would anybody form an opinion or think, *Page 1150 
`Well, he must be up to something'?
 "Does anybody think it is wrong to carry hunting guns around in the backseat of a car? Anybody have a fixed opinion on that in any way whatsoever? Okay."
(R. at 47-49.) The record does not reflect any response to this series of questions by any of the veniremembers. Based on the lack of response during voir dire, we do not believe that the whole jury venire was tainted with prejudice by seeing these items that were subsequently admitted into evidence. Therefore, the trial court properly denied the appellant's motion to quash the venire.
 II.
Second, the appellant argues that the trial court erred when it sent a written copy of an instruction on first-degree robbery to the jury room. During its deliberations, the jury sent a message to the trial court requesting the legal definition of first-degree robbery. The trial court decided to send a written copy of a first-degree robbery instruction to the jury. In doing so, the trial court stated, "I think that robbery in the first degree, especially in this kind of a case, with escape, is so complicated that it's necessary to send it to them." (R. at 499.) Although the appellant objected to sending a written copy of the instruction to the jury room, he did not object to the contents of the instruction after he had reviewed it. Rule 21.1, Ala.R.Crim.P., provides that "[n]either a copy of the charges against the defendant nor the `given' written instructions shall go into the jury room; provided, however, that the court may, in its discretion, submit the written charges to the jury in a complex case." Based on the trial court's finding and the jury's request for the definition of first-degree robbery, we find that the trial court did not abuse its discretion when it gave the jury a written copy of the definition of first-degree robbery.
 III.
Third, the appellant argues that the trial court erred when it sent a written copy of the jurors' oath to the jury room. During their deliberations, the jurors requested a written copy of the oath they had taken at the beginning of the case. The oath stated, "Do you swear or affirm that you will well and truly try all issues submitted to you and render a true verdict based on the evidence and the law, so help you God?" (C.R. at 30.) Rule 45, Ala. R. App. P., states:
 "No judgment may be reversed or set aside, nor new trial granted in any civil or criminal case on the ground of misdirection of the jury, the giving or refusal of special charges or the improper admission or rejection of evidence, nor for error as to any matter of pleading or procedure, unless in the opinion of the court to which the appeal is taken or application is made, after an examination of the entire cause, it should appear that the error complained of has probably injuriously affected substantial rights of the parties."
The appellant has not shown how the presence of a written copy of the oath, which requires the jurors to base their verdict upon the evidence and the law, "probably injuriously affected" his substantial rights. Accordingly, error, if any, in sending the written copy of the oath to the jurors was harmless.
 IV.
Fourth, the appellant argues that the trial court erred in denying his motion for a new trial on the above grounds without first conducting an evidentiary hearing.
 "`It is well settled that "[a] decision on a motion for a new trial rests largely within the discretion of the trial court, and [that] in reviewing such a decision this court will indulge every presumption in favor of the correctness thereof." *Page 1151 
 . . . "A trial judge's denial of a motion for a new trial will not be disturbed [on appeal] in the absence of a showing of [an] abuse of discretion.'" Sistrunk v. State, 630 So.2d 147, 154 (Ala.Cr.App. 1993) (citing Brownlee v. State, 545 So.2d 151, 164 (Ala.Cr.App. 1988), aff'd, Ex parte Brownlee, 545 So.2d 166 (Ala. 1989), cert. denied, Brownlee v. Alabama, 493 U.S. 874, 110 S.Ct. 208, 107 L.Ed.2d 161 (1989))."
Lane v. State, 708 So.2d 206, 210 (Ala.Cr.App. 1997). The appellant presented substantial arguments on each of these issues during trial, and the appellant presented essentially the same arguments in his motion for a new trial. Accordingly, the trial court did not abuse its discretion in denying the motion for a new trial without first conducting an evidentiary hearing.
 V.
Fifth, the appellant argues that the trial court erred in admitting the guns and ammunition seized from his car into evidence because the State allegedly did not prove a proper chain of custody. The appellant refers to State's Exhibits 14, 15, 16, 18, and 19. When the State offered Exhibit 14 into evidence, the appellant did not object as to the chain of custody. Rather, he objected only on the ground that the evidence was irrelevant. Specific grounds for objections waive all others. See Smith v. State, 602 So.2d 470, 472 (Ala.Cr.App. 1992). Later in the trial, after Exhibit 14 had already been admitted into evidence, the appellant moved to make a retroactive chain of custody objection to that exhibit. However, the trial court denied the motion. Therefore, the appellant did not properly preserve this issue for our review as to Exhibit 14.
When the State originally offered Exhibits 15, 16, 18, and 19, the appellant objected that the chain of custody had not been established, and the trial court sustained the objection at that time. When the State subsequently offered Exhibits 15, 16, 18, and 19, they were admitted into evidence without objection. Because the trial court sustained the appellant's chain of custody objections to these exhibits and no subsequent objections were made when the State offered the exhibits again, there is no adverse ruling from which to appeal. See Moore v. State, 650 So.2d 958
(Ala.Cr.App.), cert. denied, 650 So.2d 966 (Ala. 1994), cert. denied, 514 U.S. 1017, 115 S.Ct. 1361, 131 L.Ed.2d 218 (1995) (citations omitted). Therefore, the appellant did not preserve this issue for our review.
Based on the foregoing, we affirm the appellant's convictions. We also affirm his sentences for robbery and reckless endangerment. However, our review of the record reveals that the appellant was improperly sentenced to serve 12 months in the Lauderdale County Detention Center on the conviction for attempting to elude police officers. Section 32-5A-193(b), Ala. Code 1975, provides:
 "Every person convicted of fleeing or attempting to elude a police officer shall be punished by imprisonment for not less than 30 days nor more than six months or by a fine of not less than $100.00 nor more than $500.00, or by both such fine and imprisonment."
Because the appellant's sentence for attempting to elude police officers exceeds the maximum authorized by law, we remand this cause for the trial court to sentence the appellant in accordance with § 32-5A-193(b), Ala. Code 1975. The trial court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 42 days of the release of this opinion. The return to remand shall include a transcript of the remand proceedings conducted by the trial court.
AFFIRMED AS TO CONVICITONS AND AS TO SENTENCES FOR ROBBERY *Page 1152 
AND RECKLESS ENDANGERMENT; REVERSED AS TO SENTENCE; AND REMANDED WITH DIRECTIONS.
LONG, P.J., and McMILLAN, COBB, and BROWN, JJ., concur.
[1] The trial court admitted the guns and ammunition, which officers seized from the appellant's truck after his arrest, into evidence during the trial.
 *Page 1