COBB, Judge.
P.D.F. was convicted of sodomy in the first degree, a violation of § 13A-6-63, Ala.Code 1975. He was sentenced to 99 years’ imprisonment. The victim in this case, T.M., is the appellant’s grandson and he was 6 years old when the incident that is the basis of this charge occurred. On appeal, P.D.F. contends that (1) the trial court erred to reversal for failing to instruct the jury according to § 15-25-36, Ala.Code 1975, (2) his trial counsel was ineffective for failing to request the trial court to instruct the jury according to § 15-25-36, Ala.Code 1975, (3) his trial counsel was ineffective for failing to request an in camera inspection of the Department of Human Resources records, (4) his trial counsel was ineffective for failing to request a hearing outside the presence of the jury regarding the trustworthiness of child hearsay statements in accordance *1120 with § 15-25-32, Ala.Code 1975, and (5) the cumulative effect of his trial counsel’s ineffectiveness denied P.D.F. a fair trial.
I.
P.D.F. argues that the trial court erred to reversal by failing to instruct the jury according to § 15-25-36, Ala. Code 1975, which requires the trial court to inform the jury that the out-of-court statement of a sexually abused child was taken without the defendant being afforded a cross-examination. P.D.F. failed to preserve this issue for appellate review because he failed to request the instruction and he failed to object to the trial court’s failure to give the instruction. See Edwards v. State, 612 So.2d 1282 (Ala.Cr.App.1992) (holding that appellant was pro-eedurally barred from raising the issue that the trial court failed to instruct the jury in accordance with § 15-25-36 when the appellant failed to notify the court until after the State had presented all of its evidence); see also Fortner v. State, 582 So.2d 581 (Ala.Cr.App.1990).
II.
P.D.F. argues that his trial counsel was ineffective for failing to request the trial court to instruct the jury in accordance with § 15-25-36, Ala.Code 1975.
In order to prevail on an ineffective assistance of counsel claim, the appellant must meet the two-pronged test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
“First, the appellant must show that counsel’s performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the ‘counsel’ guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel’s errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.”
Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674. In order to prove prejudice, the defendant must show that there is a reasonable probability that, but for counsel’s unprofessional error, the proceedings would have reached a different conclusion. Holland v. State, 654 So.2d 77, 80 (Ala.Cr.App.1994). In deciding an ineffective assistance of counsel claim, this Court “strongly presume[s]” counsel “to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.” Strickland, 466 U.S. at 690, 104 S.Ct. 2052.
After thoroughly reviewing the record, we hold that although P.D.F.’s trial counsel should have requested the jury instruction, the second prong of Strickland is not satisfied. The outcome of the trial would not have been different if the trial court had instructed the jury in accordance with § 15-25-36. Section 13A-6-63, Ala. Code 1975, provides:
“(a) A person commits the crime of sodomy in the first degree if:
[[Image here]]
“(2) He engages in deviate sexual intercourse with a person who is incapable of consent by reason of being physically helpless or mentally incapacitated; or
“(3) He, being 16 years old or older, engages in deviate sexual intercourse with a person who is less than 12 years old.”
Deviate sexual intercourse is defined as any “act of sexual gratification between persons not married to each other involving the sexual organs of one person and the mouth or anus of another.” § 13A-6-60(2), Ala.Code 1975. The testimony of T.M. and his mother was sufficient to find P.D.F. guilty of sodomy in the first degree even if the other testimony as to T.M.’s hearsay was excluded. Specifically, T.M.’s *1121 mother testified that she heard a gagging sound in another room and went to see if T.M. was okay. She saw her father sitting in the recliner with his pants unzipped and T.M. was standing next to the recliner in a daze. T.M. grabbed her by the arm, took her into the back room, and explained what happened between T.M. and P.D.F. (R. 111-112.) In addition to his mother’s testimony, T.M. testified his grandpa touched him between his legs with his mouth and hands. T.M. further testified that his grandpa had him touch his grandpa’s penis with his mouth and hands. (R. 98, 100-03.) The testimony of T.M. and his mother was sufficient for a jury to convict P.D.F. of sodomy in the first degree.
Moreover, even though T.M.’s hearsay was not subject to cross-examination, he was subject to cross-examination at trial; therefore the jury was able to discern the genuineness of T.M.’s testimony. Accordingly, P.D.F.’s trial counsel was not ineffective for failing to request the trial court to instruct the jury in accordance with § 15-25-36 because P.D.F. suffered no prejudice as required by the second prong of Strickland.
III.
P.D.F. next argues that his trial counsel was ineffective for failing to request an in camera inspection of the Department of Human Resources records, which, he says, contained exculpatory evidence.
A defendant accused of sexual abuse has the right to an in camera inspection conducted by the trial court of the Department of Human Resources records. The trial court makes a determination if there is any exculpatory evidence contained in the DHR records, which then must be disclosed to the defendant. Gibson v. State, 677 So.2d 238 (Ala.Cr.App.1995). After reviewing the DHR records in this case, we find that there is exculpatory evidence contained in the DHR records. On April 3, 1997, during an interview with a social worker from DHR, T.M. denied the abuse twice before admitting that P.D.F. sexually abused him. (C. 102.)
Though the file contained exculpatory matter, the evidence in this case indicates that P.D.F.’s trial counsel was not deficient, as required by the first prong of Strickland. It is evident from the cross-examination performed by P.D.F.’s defense attorney that the attorney knew about this exculpatory evidence and effectively used that information at trial. On cross-examination of Brenda Perry, a social worker for DHR, trial defense counsel used the exculpatory evidence as follows:
“Q. (DEFENSE COUNSEL):.... How long did you and John Stewart talk to this child before he nodded affirmatively or gave you this statement that you didn’t record that you told us that he made?
“A. (PERRY): It was probably ten or fifteen minutes.
“Q. Okay. So we have this conversation, you and Mr. Stewart, are with this six-year-old child, five-year-old child, for about 10 or 15 minutes before he makes any statements implicating his grandfather?
“A. That’s right.
“Q. All right. Now, in this 15 minutes or 10 to 15 minutes, does he deny that anything happened?
“A. He did.
“Q. All right. How many times did T.M. deny that anything happened before he gave an affirmative nod?
“A. He didn’t give an affirmative nod.
“Q. Two? Three? Four times?
“A. As I recall twice.
“Q. He denied twice, but you and Sergeant Stewart were not to be deterred. You continued to ask those questions until he gave you an affirmative answer, didn’t you?”
(R. 139-41.)
In his appellate brief, P.D.F. contends that the DHR record contains exculpatory *1122 evidence in addition to the April 3, 1997, incident. Specifically, he refers to an interview conducted on January 29, 1997. This evidence, however, is not relevant because P.D.F. was convicted for an incident that occurred after the January 29 interview, not before it.
P.D.F. further argues that other evidence contained in the DHR report is also exculpatory because it indicates that Brenda Perry asked T.M. “improperly leading questions.” After reviewing the record, we find that this argument is without merit. Defense counsel asked Brenda Perry numerous questions on cross-examination about her use of leading, suggestive questions during her interview with T.M. The record indicates that P.D.F.’s attorney knew about this information contained in the DHR report and used this information to impeach Perry. Thus, defense counsel was not deficient and the outcome of the trial would not have been different if he requested an in camera inspection of the records.
P.D.F. also contends that Cheryl McCoy, a social worker with DHR, testified at trial that T.M. made a statement to her concerning sexual acting out by T.M. However, this statement, he argues, was not included in McCoy’s DHR report. P.D.F. states in his brief that “it is hard to imagine that she [McCoy] failed to even mention in the report that T.M. made these purported disclosures to her.” (Appellant’s brief, p. 27.) The failure of a social worker to include a statement in the DHR report does not constitute exculpatory evidence in the DHR report.
Moreover, sexual acting out constitutes inculpatory evidence, not exculpatory evidence. Sexual acting out is a symptom that a child has been sexually abused. Thus, disclosure of this evidence would not have been favorable to P.D.F. See Hall v. State, 625 So.2d 1165 (Ala.Cr.App.1993) (the failure of the State to disclose inconclusive fingerprints did not violate Brady because the evidence was not exculpatory); See also Clifton v. State, 545 So.2d 173 (Ala.Cr.App.1988) (failure of State to comply with trial court’s discovery order did not necessitate reversal because the evidence that the State failed to disclose was not exculpatory evidence.)
IV.
P.D.F. next argues that his trial counsel was ineffective for failing to request a hearing outside of the presence of the jury regarding the trustworthiness of T.M.’s hearsay statements, which were admitted at trial. Specifically, P.D.F. contends that defense counsel failed to request the trial court to determine the trustworthiness of child hearsay statements as explained by Ex parte B.B.S., 647 So.2d 709 (Ala.1994). Section 15-25-32, Ala.Code 1975, provides:
“An out-of-court statement may be admitted as provided in Section 15-25-31, if:
“(1) The child testifies at the proceeding, or testifies by means of video tape deposition as provided by Section 15-25-2, or testifies by means of closed circuit television as is provided in Section 15-25-3, and at the time of such testimony is subject to cross-examination about the out-of-court statements; or
“(2)a. The child is found by the court to be unavailable to testify on any of these grounds:
“1. The child’s death;
“2. The court finds that there are reasonable grounds to believe that the defendant or someone acting on behalf of the defendant has intentionally removed the child from the jurisdiction of the court;
“3. The child’s total failure of memory;
“4. The child’s physical or mental disability;
“5. The child’s incompetency, including the child’s inability to communicate about the offense because of fear or a similar reason;
*1123 “6. Substantial likelihood that the child would suffer severe emotional trauma from testifying at the proceeding or by means of closed circuit television; and
“b. The child’s out-of-court statement is shown to the reasonable satisfaction of the court to possess particularized guarantees of trustworthiness.”
Section 15-25-31, Ala.Code 1975, provides:
“An out-of-court statement made by a child under 12 years of age at the time of the proceeding concerning an act that is a material element of any crime involving child physical offense, sexual offense, and exploitation, as defined in Section 15-25-89, which statement is not otherwise admissible in evidence, is admissible in evidence in criminal proceedings, if the requirements of Section 15-25-32 are met.”
Here, the trial court did not conduct a hearing to determine whether T.M.’s hearsay statements possessed the guarantees of trustworthiness. Evidence of the trustworthiness of a child’s out-of-court statement is necessary even when the child testifies at trial and is subject to cross-examination. See Ex parte B.B.S., 647 So.2d 709 (Ala.1994). In order to determine the trustworthiness of a child’s hearsay statement, the court must analyze various factors under § 15-25-37, Ala. Code 1975, which provides:
“In determining whether a statement possesses particularized guarantees of trustworthiness under Section 15-25-32(2)b, the court shall consider any one, but is not limited to, the following factors:
“(1) The child’s personal knowledge of the event;
“(2) The age and maturity of the child;
“(3) Certainty that the statement was made, including the credibility of the person testifying about the statement;
“(4) Any apparent motive the child may have to falsify or distort the event, including bias, corruption, or coercion;
“(5) The timing of the child’s statement;
“(6) Whether more than one person heard the statement;
“(7) Whether the child was suffering from pain or distress when making the statement;
“(8) The nature and duration of any alleged abuse;
“(9) Whether the child’s young age makes it unlikely that the child fabricated a statement that represents a graphic, detailed account beyond the child’s knowledge and experience;
“(10) Whether the statement has a ‘ring of verity,’ has an internal consistency or coherence, and uses terminology appropriate to the child’s age;
“(11) Whether the statement is spontaneous or directly responsive to questions;
“(12) Whether the statement is suggestive due to improperly leading questions.
“(13) Whether extrinsic evidence exists to show the defendant’s opportunity to commit the act complained of in the child’s statement.”
See Smith v. State, 745 So.2d 284 (Ala.Cr.App.1998); Dilbeck v. State, 594 So.2d 168 (Ala.Cr.App.1991).
In support of his ineffective assistance of counsel claim, P.D.F. states that the “defendant’s expert on the law of criminal defense testified that the failure to request a hearing on trustworthiness outside the presence of the jury would fall below the standard of a reasonably effective attorney in the representation of a criminal defendant.” (Appellant’s brief, p. 28-29.) While he presented evidence that trial counsel may have been deficient, P.D.F. failed to present any evidence to prove prejudice as required by Strickland. See Smallwood v. Department of Human Re *1124 sources, 716 So.2d 684, 691 (Ala.Civ.App.1998); Sexton v. State, 529 So.2d 1041, 1049-50 (Ala.Cr.App.1988).
Because P.D.F. did not provide evidence to prove that T.M.’s hearsay statements did not possess the particularized guarantees of trustworthiness under § 15-25-32(2)(b), Ala.Code 1975, we only have the testimony at trial to reach a conclusion as to whether prejudice has been proven. From the record, we cannot say that, had trial defense counsel made a motion requesting that the trial judge conduct a hearing outside the presence of the jury to determine the trustworthiness of T.M.’s statements, the trial judge would have found them to be inadmissible. Because there is insufficient evidence to make this determination, P.D.F. has failed to satisfy the second prong of Strickland.
V.
P.D.F. lastly argues that the cumulative effect of trial counsel’s deficiencies denied him a fair trial. This argument is without merit. First, we find, as stated above, that P.D.F.’s trial counsel was not ineffective. Second, this court has held that it will not consider the cumulative effect of error when “ ‘ “no single instance of alleged improper conduct constituted reversible error Drinkard v. State, [Ms. CR-95-0055, December 18, 1998] — So.2d - (Ala.Cr.App.1998), quoting Boyd v. State, 715 So.2d 825, 851 (Ala.Cr.App.1997); see also Johnson v. State, 541 So.2d 1112 (Ala.Cr.App.1989); McNeely v. State, 524 So.2d 375 (Ala.Cr.App.1986).
For the above-stated reasons, the judgment of the trial court is due to be, and is hereby, affirmed.
AFFIRMED.
LONG, P.J., and McMILLAN, BASCHAB, and FRY, JJ., concur.